## Buckles v. Kroger Grocery & Baking Co. et al.

Nov. 28, 1939.

As Extended Dec. 7, 1939.

Raymond C. Arny for appellant.

Davis, Boehl, Viser & Marcus for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

The appellant, Ephie Buckles, has prosecuted this appeal from a judgment of the Jefferson circuit court affirming an order of the Workmen's Compensation Board denying appellant compensation for an injury received while in the employment of appellee.

The questions to be determined in this appeal are, (a) did appellant notify appellee of his injury "as soon as practicable after the happening thereof * * *" as provided in Section 4914 of the Kentucky Statutes,

and (b) whether delay in giving notice was a defensive plea and should have been specifically pleaded by appellee, under the provisions of Rule 15 of the Rules of Practice and Procedure in Trial of Compensation Cases. We will discuss these points in the order named.

(a) It is shown by appellant's own evidence that he received his injury on the morning of November 4, 1937. He said that when lifting a crate of vegetables he felt a "pain or something" in his right side; the pain kept bothering him and he went in the back room and looked at his side and there was a "bulge" in his side and he called in Bill Keith and Gorman Taylor, also employees of appellee, and let them look at his side and they saw the place or injury, and he said to them, "We better fill out a claim, one of the accidents reports that we have to fill out. I said, 'I don't know whether it is a hernia or not, but we will fill it out.'" He was further asked and answered as follows:

"Q. That was November 4th? A. Yes.

"Q. What did you do then? A. It was going right into the holidays and I thought if I turned it in they would want me to be operated on. That was going into Thanksgiving and Christmas, and I said 'We will wait until after the Holidays to turn it in.'

"Q. When did you next do anything? A. On Wednesday, about November 10th, I was down at Second and Oak and went to Dr. Osborne and had him examine me. I didn't know whether it was a hernia or not. He examined me and said it was a hernia and said the chances were there was no immediate danger. *  *  *

"Q. Go ahead. After you went to Dr. Osborne you continued your employment? A. I went on and worked through the holidays, and the first of the year, the 2nd, 3rd or 4th I gave the report to Mr. Wright and I guess he went ahead and gave it to the office.

"Q. What conversation did you have with Mr. Wright concerning the accident? A. I said, 'Mr. Wright, I hurt my side and here is the report we filled out when I was hurt.'

"Q. What position does he hold with the company? A. Superintendent or supervisor, I guess you would call it.

"Q. You gave a report of the accident to Mr. Wright? A. Yes, the one we filled out when it happened.

"Q. A routine report? A. Yes.

"Q. Witnessed by Mr. Taylor and Mr. Keith? A. Yes sir.

"Q. What date was that? A. The date it happened.

"Q. The date you gave the report to Mr. Wright? A. That was the first of the year; I wouldn't say exactly, the second or third or fourth, shortly after New Years, after the holiday rush."

Appellant further testified that he continued to work from the date of his injury until after the first of the year, about January 3d or 4th, and that appellee had no knowledge of his injury until the latter date.

It was shown by the evidence of various doctors who examined appellant that at the time they made their examination they could not determine whether the hernia was of long standing or a fresh one.

Whether or not notice of an accident or injury is given to the employer, "as soon as practicable after the happening thereof," is to be determined by the proven facts and attendant circumstances of each case. What might be reasonable time or "as soon as practicable," in some circumstances, might not be under other circumstances—depending on the opportunity of the injured person to give notice, and the nature of the injury. Turner, Day & Woolworth Handle Company v. Morris, et al., 267 Ky. 217, 101 S. W. (2d) 921. Also, in determining the importance or necessity of giving early notice, as affecting the rights of the employer, may depend largely upon the nature of the injury.

If it had been clearly shown that the very nature of appellant's injury was such that the delay in giving notice was not material, or, stated differently, that appellee's rights could not have been prejudiced by the delay, the argument that notice was given in reasonable time might be plausible; but even so, it is our view that that part of the statute requiring notice of an injury to be given as soon as practicable is as mandatory in its nature as it is in requiring notice at all, and if there is delay in giving notice, the burden is upon the injured person to show that it was not practicable to give notice

sooner. While the rule of liberal construction will be applied to the workmen's compensation statutes, yet, liberal construction does not mean total disregard for the statute, or repeal of it under the guise of construction. And furthermore, it must not be forgotten that the very nature of appellant's injury was such that needed immediate attention. Hernia is a progressive injury and will increase with time. Whether or not appellant's hernia was an old one or a fresh one sustained at the time he claims was indeed of much importance to appellee, since, if it was of the former class, appellee would not have been liable. And, if appellant had received immediate treatment, his disability, in all reasonable probability, might have been lessened if not entirely cured. Appellee was entitled to the benefit of an early opportunity to ascertain whether appellant sustained the hernia at the time claimed by him or whether it existed previous thereto, and also an opportunity to have him treated in an effort to cure, or, at the least, minimize the extent of his disability. See 107 A. L. R. Annotation, at page 816, wherein it is said:

"The purpose of a notice of injury is to give the employer an opportunity to examine into the alleged accident and injury while the facts are accessible, and also to employ skilled physicians or surgeons to care for the employee so as to speed his recovery and minimize the loss. Littleton v. Grand Trunk Ry. Company (1936) [276 Mich. 41], 267 N. W. 781." See also, to the same effect, 92 A. L. R. Annotation, beginning on page 505, citing the case of Frost v. Idaho Gold Dredging Company, 1934, 54 Idaho 312, 31 P. (2d) 270.

Section 4884 of the Kentucky Statutes, among other things, provides that:

"In all claims for hernia resulting from injury received in the course of and resulting from the employee's employment it must be definitely proved to the satisfaction of the board: One. That there was an injury resulting in hernia. Two. That the hernia appeared suddenly and immediately following the injury. Three. That the hernia did not exist in any degree prior to the injury for which compensation is claimed. * * *"

It may readily be seen that appellee might have been deprived of the defense provided in the statute, be-

cause of the delay in giving notice, since, as we have already noted, it is shown by medical testimony that at the time the doctors examined appellant they could not determine whether the hernia was of recent origin or of long standing. It appears from appellant's own testimony that while he did not *know* at the time that his injury was in the nature of a hernia, yet he indicated that he strongly suspected that it was; and, further, on November 10th, Dr. Osborne told him that he had a hernia, but he did not report the injury to his employer for 54 days after receiving this positive information from the doctor, and frankly admits that he withheld the information for the sole purpose of avoiding treatment in order that he might work during the holiday season which was more remunerative to him, since he was working on commission.

In the Turner, Day & Woolworth Handle Company case, supra, it is held that the statutory limitation period commences to run from the time when it becomes reasonably apparent that a compensable injury has been sustained. In the present case it was reasonably apparent to appellant that he had sustained a compensable injury at the time he claims to have received it on November 4th, and in no event later than November 10th, when Dr. Osborne told him he had hernia. Hence, there is no escape from the conclusion that the statute requiring him to give notice to his employer as soon as practicable after he received the injury, commenced running not later than November 10th, at which time he was still in the employ of appellee and had every opportunity to notify it of his injury, but for reasons stated above, he failed to do so for 54 days thereafter. By no stretch of the imagination could it be said that appellant notified appellee of his injury, which he knew was a compensable one, as soon as practicable after he knew it.

(b) It is next insisted that appellant's failure to give notice as required by the statute was a defensive plea which should have been pleaded by appellee at least five days before the date the case was set for hearing, as provided in Rule 15 of the Rules of Practice and Procedure in the Trial of Compensation Cases. The second paragraph of that rule reads as follows:

"If the defendants rely upon the special defense that the injury or death of the employee was due to the willful misconduct of the employee, including intentional self-inflicted injury, intoxication, willful

failure or refusal to perform a duty required by a statute or invoking any other provisions of this act relating to the reduction or forfeiture of compensation, or any other defense or confession and avoidance, such special defense must be pleaded by an affirmative answer at least five days before the date set for the hearing.''

It is to be noticed that the things enumerated in that rule are read in connection with and have reference to ''willful misconduct of the employee,'' which relates to some duty required by the statute relating to the injury or death of the employee, or relating to the reduction or forfeiture of compensation. We do not construe the rule to have any connection with or relation to notice of injury, as provided in Section 4914 of the Statutes.

A claimant for compensation has the burden of establishing his case and to do so, it is incumbent upon him to show, among other things, that he received an injury; that it arose out of and in the course of his employment, and that he notified his employer of the injury as required by the statute. These are fundamental prerequisites to the right of maintaining an action for compensation.

It is our view that the purpose of Rule 15, supra, is to apprise the claimant of any *special* defense in order that he may be prepared to meet the issue. But we do not think it is necessary for the employer to plead as a special defense under Rule 15 the employee's failure to observe plain statutory provisions which are essential to his right to maintain his claim. It follows that there is no merit in appellant's contention on this point.

Judgment affirmed.