## Western & Southern Life Ins. Co. v. Van Hoose's Adm'x.

June 21, 1940.

Watt M. Prichard, Judge.

578

Frank Malin for appellant.

John T. Diederich and John Stanley for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

On July 28, 1930, at the instance of an agent of the appellant, The Western and Southern Life Insurance Company, Madge Keyser, living in Ashland, took out an industrial policy for $500 on the life. of her half sister, Fannie Van Hoose, who lived in Paintsville, the policy being payable to the estate of the insured.

There is much contrariety in the evidence as to the circumstances under which the policy was taken out. The agent states that he called at the home of Madge Keyser to collect premiums on five or six policies held by her in the appellant company and that she asked to take out a policy on her half sister and that this half sister, or someone posing as she, was present and answered all the questions contained in the application, which the agent filled out in his handwriting and that such person then signed the application. Madge Keyser, her mother and another half sister state that Fannie Van Hoose was not present and that the agent knew this fact and was told that she lived in Paintsville and was then at that place; that the agent answered all the questions in the application without seeking to verify the correctness of the information contained therein and when it was filled out asked Madge Keyser to sign it; that she would not do so because she could not write, whereupon the agent asked the half sister who was present to sign it but she refused because she couldn't spell Fannie's name; that Madge Keyser then called to another half sister who lived next door, and this half sister signed Fannie Van Hoose's name to the application. The trial court found that the agent

wrote the answers to the questions in the application without any representations in regard thereto by any person and that the insured's name was written by a half sister as claimed by appellee. While we have some doubt as to the correctness of this finding, under the well-known rule that where we merely have doubts as to the correctness of the trial court's finding it will be affirmed, we accept the trial court's finding on this issue.

At the time of making the application Madge Keyser paid the first premium and a receipt was issued providing that the policy, if issued, would be effective as of the date of the receipt providing the insured was then in sound health. The policy was issued and dated August 4 and contained the usual "sound health" provision. The insured died from pulmonary tuberculosis the following October. The company denied liability on the policy and a common-law action thereon was filed by appellee against appellant. The company plead that false answers, material to the risk, were made in the application and also plead a breach of the sound health provision of the policy and plead as a partial defense a false statement as to the age of the insured. The appellee denied the affirmative defenses in the answer and by a second paragraph thereof plead a waiver of appellant's reliance upon false answers. A demurrer was sustained to this paragraph of the reply. Appellant then withdrew all defenses except that of breach of the sound health provision. Appellee filed an amended reply in which she pleaded a waiver of the sound health provision and a demurrer was sustained to this plea, whereupon appellee filed an amended petition in which she sought to reform the policy by eliminating therefrom the sound health provision. The action was thereupon transferred to equity.

The trial court found that the facts did not justify a reformation of the policy and there is no doubt as to the correctness of his finding on this issue. He also found that the evidence established conclusively that at the time of the making of the application and delivery of the policy the deceased was not in sound health and had tuberculosis in its last stages. There is no doubt as to the correctness of this finding, the evidence being overwhelming on this point, and in fact no evidence to the contrary was offered by appellee. The trial court

further found that Madge Keyser at the time the application was made did not know that the deceased was sick or had tuberculosis. With this finding we are not in accord since Madge Keyser testified that she saw her sister about the middle of July and evidence of physicians is that on the first of July the deceased was confined to her bed having hemorrhages almost daily and was in the last stages of tuberculosis and was in a thin and emaciated condition which was very apparent to anyone.

In spite of these findings of fact by the trial court, he adjudged that in as much as the agent taking the application answered the material questions therein without information from anyone and delivered the policy without making any inquiry as to the health of the deceased, there was a waiver of the sound health provision of the policy and judgment was accordingly entered for appellee for $424.10 and a motion is made for an appeal from that judgment. It will thus be seen that although the trial court had sustained a demurrer to the reply as amended, pleading a waiver of the sound health provision, his judgment was based on a waiver thereof without changing his previous ruling on the demurrer, such action resulting in a decision on a matter not in issue in the pleadings. But, passing this question and treating the case as if this issue was raised, we are of the opinion that the trial court erroneously adjudged that the facts constituted a waiver of the sound health provision.

There was no evidence introduced to show that the agent taking the application had any knowledge of the bad health of the insured. The evidence further discloses that had the agent inquired of those present at the time the application was made he would not have learned of this fact since all those present at that time testified that they had no knowledge of the insured's condition. It might be that under the circumstances shown, namely, that the agent himself answered the questions in the application without information from any person, a waiver of appellant's right to rely on false statements in the application was established but such facts would be totally insufficient to establish a waiver of the sound health provision. The general rule is that a waiver is the intentional relinquishment of a known right, a voluntary act implying an election to

forego some advantage which a party might at his option have demanded and insisted on. 27 R. C. L. page 904. In Germania Life Insurance Co. v. Lauer, 123 Ky. 727, 97 S. W. 363, 364, 30 Ky. Law Rep. 3, the facts relied on to establish a waiver of a sound health provision were much stronger than in the instant case. The court held that there was no waiver of the provision and said:

> "The waiver of a stipulation in a contract such as this, to be effectual, must not only be made intentionally, but with full knowledge of all the existing conditions, and will not be binding upon the insurer unless the agent whose acts or conduct are relied on to establish the waiver was at the time in full possession of the material facts concerning the condition of the insured."

In Western & Southern Life Insurance Co. v. Edelen, 265 Ky. 142, 95 S. W. (2d) 1062, it was insisted that since the agent had filled in the application without propounding any of the questions to the insured the company had waived its right to rely upon misrepresentations contained in the application. It was held that although such conduct on the agent's part might have been a waiver of the company's right to rely on false representations in the application, no waiver of the sound health provision was established by such conduct. The same situation exists in this case. The agent merely wrote the answers in the application and had no knowledge of the unsoundness of the insured's health when he did so and consequently there was no waiver of the provision.

Since the evidence conclusively established that the insured was practically in a dying condition at the time the policy was issued and since no facts were proven sufficient to establish a waiver of the sound health provision the trial court should have adjudged no liability on the policy.

The motion for an appeal is sustained and the appeal granted. The judgment is reversed, with directions to enter a judgment dismissing the petition.