## T. W. Samuels Distillery Co. et al. v. Houck.

Nov. 30, 1943.

Victor L. Kelley, Krieger & Huffaker for appellants.

Ernest N. Fulton for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, George W. Houck, filed a claim for compensation with the Workmen's Compensation Board on November 27, 1941. In his application for adjustment of the claim he stated that he received an injury on April 19, 1937, in an accident arising out of and in the course of his employment. His employer was T. W. Samuels Distillery Company. The employer defended on the grounds that the claimant was not injured by reason of an accident arising out of and in the course of his employment; that he failed to give to the employer notice of the accident as soon as practicable after the happening thereof; and that he failed to file a claim for compensation with the Workmen's Compensation Board within one year after the date of the accident or after a disagreement occurred. The referee found that the claimant had not complied with the statute requiring the giving of notice of the accident to the employer and ordered the claim dismissed. On a review of the proceedings by the full board, the findings and order of the referee were approved and compensation was denied. The claimant filed in the Nelson circuit court a petition for review of the final order of the board, and the circuit court set aside the board's award and adjudged that Houck recover from the T. W. Samuels Distillery Company for permanent total disability the sum of $13.65 a week for a period of eight years, but not to exceed in all the sum of $6,000. This judgment was rendered notwithstanding the evidence as to whether or not appellee's disability resulted from an injury received in an accident was conflicting, and the Workmen's Compensation Board had neither considered nor decided that issue. The distillery company has appealed.

The appellee was employed by appellant as outside foreman, and on the day he claims he was injured was

preparing to construct a loading platform on appellant's premises adjacent to a sidetrack of the Louisville & Nashville Railroad Company. A freight car was standing on the track and a string of freight cars attached to a switch engine bumped into it. Appellee claimed that the car was pushed against him, that he was struck over the heart, and was thrown by the impact a distance of 15 feet and knocked down. The only eyewitness introduced by appellee testified that he was an employee of appellant, that appellee was his foreman, and that he was standing nearby and saw the accident. The car struck appellee and turned him around, but he did not fall. The witness asked him if he had been hurt, and he answered, "No." A full statement of the facts concerning the accident may be found in Louisville & Nashville Railroad Company v. Houck, 286 Ky. 644, 151 S. W. (2d) 432. The accident happened about 10 a. m., and appellee continued to act as foreman until the quitting hour, 4:30 p. m. He went to his home about one mile from the distillery and while milking a cow lost consciousness and fell to the ground. His wife saw him fall and assisted him to his feet. He went to the house and retired about 10:30 p. m. As he got out of bed the following morning he fell and his wife sent for the family physician, Dr. E. T. McMahan, who found him suffering from a heart ailment described as "heart block." Dr. McMahan visited him regularly until July 25, 1937. Appellee was confined to his bed about four weeks, but had not been out of the house when Dr. McMahan discharged him on July 25. Dr. McMahan testified in this case on May 8, 1942, and stated that appellee's condition then was about the same as on July 25, 1937. The appellee told him on the second day after the accident that a boxcar had backed into him. In a written statement made May 19, 1938, Dr. McMahan said he was unable to state whether or not appellee's heart condition was due to an injury.

The proof as to the time when notice of the accident was given to the employer is unsatisfactory. During the taking of proof it was stipulated that "neither the plaintiff nor any member of his family, nor the doctor who was attendant upon him, gave any notice to the defendant of the accident and injury complained of until the trip made by Mr. Houck to the distillery mentioned in his direct testimony." In his direct testimony the appellee stated that it was about five months after the

accident before he could leave his home, and that he mentioned the accident to Mr. T. W. Samuels, vice-president of the T. W. Samuels Distillery Company, on his first trip to the distillery. The evidence for the appellant shows that notice of the accident of April 19, 1937, was first given to it in the latter part of February, 1938, and in a written statement made on April 8, 1938, appellee said he notified appellant of his injury for the first time about March 1, 1938. However, the Workmen's Compensation Board treated the notice as given five months after the accident, and as there was some evidence, though slight, to support the board's finding in this respect, it must be so treated on this appeal. KRS 342.185 provides that no proceeding for compensation for an injury shall be maintained unless notice of the accident is given to the employer as soon as practicable after the happening thereof. The provision is mandatory, and if there is a delay in giving notice the burden is upon the injured person to show that it was not practicable to give the notice sooner. Buckles v. Kroger Grocery & Baking Company, 280 Ky. 644, 134 S. W. (2d) 221; Kaufman-Straus Company v. Bennett, 275 Ky. 264, 121 S. W. (2d) 1. One purpose of the notice is to give the employer an opportunity to make a prompt investigation of the accident while the facts are accessible. Turner, Day & Woolworth Handle Company v. Morris, 267 Ky. 217, 101 S. W. (2d) 921. According to all of the medical testimony, heart block rarely results from traumatic injury, but two physicians testified that it may be produced by a severe blow over the heart. The severity of the blow received by appellee and the point of impact on his body were important facts in a diagnosis of his condition. A number of workmen were in the vicinity when the accident occurred, and, under the circumstances, an opportunity to make an investigation immediately was important to the employer. Appellee relies upon Kenmont Coal Company v. Martin, 227 Ky. 217, 12 S. W. (2d) 314, and Turner, Day & Woolworth Handle Company v. Morris, 267 Ky. 217, 101 S. W. (2d) 921, in support of his contention that the notice assuming that it was given five months after the accident, was sufficient. In the Martin case the employee was injured on August 13 when a piece of coal stuck in his eye. He went to see the company doctor on the same day, but the doctor had left. A new doctor came in about two weeks, and the em-

ployee went to see him on the first day he was there. The doctor examined his eye and gave him a prescription and when his eye failed to improve the employee gave written notice of his injury to his employer on October 12. It was held that the notice to the company's doctor, followed by the formal notice when the doctor's prescription proved unavailing, was sufficient. In the Morris case the condition was latent, and was diagnosed as rheumatism by the physician who treated the employee. Two months after the accident a knot appeared on the employee's hand and the physician then attributed his condition to the accident. The employee immediately notified his employer. Neither of these cases is controlling here.

Appellee testified that he was familiar with the provisions of the Workmen's Compensation Act requiring prompt notice of an accident, but sought to excuse the delay in giving notice on the contradictory grounds that (1) his injury was latent and he failed to realize its seriousness, and (2) his condition was so serious he was unable to give notice of the accident to his employer. A sufficient answer to these claims is that, according to his own testimony, he knew he had suffered an injury in an accident and was informed by his physician two days later that he was in a serious condition. Appellee lived within one mile of his employer's distillery, and had a telephone in his home. His home was also on a rural mail delivery route. On the day after the accident he sent word to his employer by a neighbor that he was ill and would be unable to report for work. His son, who lived in the neighborhood, owned an automobile and was at his father's home practically every day during the latter's illness. Appellee had ample opportunity to give the notice required by the statute which would have enabled the employer to make a timely investigation of the facts. In Northeast Coal Company v. Castle, 202 Ky. 505, 260 S. W. 336, notice of the injury was given four months after the accident, and it was held that this was not as soon as practicable after the happening of the accident and that the employee's claim for compensation was properly dismissed. In Kaufman-Straus Company v. Bennett, 275 Ky. 264, 121 S. W. (2d) 1, the accident occurred on February 10, 1936, and the employer received its first notice of injury on July 1, 1936. It was held the notice was not in time. A similar ruling was made in Buckles v. Kroger

Grocery & Baking Company, 280 Ky. 644, 134 S. W. (2d) 221, where there was a delay of 54 days in giving notice.

Appellee contends that appellant's right to timely notice was waived by reason of the act of the insurance carrier in aiding him in the prosecution of his claim against the negligent third party. On April 16, 1938, three days before limitations barred the action, the attorneys for the insurance carrier directed an attorney in Bardstown to institute an action in behalf of appellee against the Louisville & Nashville Railroad Company. The petition was prepared and filed by the insurance carrier's local attorney, and the case was then prosecuted by an attorney of appellee's own selection. A letter dated April 16, 1938, written by a firm of attorneys in Louisville to the insurance carrier's attorney in Bardstown, contained this statement: "We are in receipt of a wire today from our home office in which they direct this suit be filed immediately by George W. Houck against the L & N pursuant to Section 4890 of the Kentucky Statutes, under which section we have a right to be subrogated for any payments that we might be compelled to make to Houck."

Under section 4890 of Carroll's Kentucky Statutes, now KRS 342.055, an employer is entitled to be subrogated to the extent of compensation paid to the claim of an injured employee against a negligent third party who caused the injury. Stiglitz Furnace Company v. Stith's Adm'r, 234 Ky. 12, 27 S. W. (2d) 402. Appellant's insurance carrier was merely taking precautionary measures to protect itself, and properly so, in the event the employer was compelled to pay compensation. The assistance in instituting suit against the Louisville & Nashville Railroad Company was rendered nearly a year after the accident occurred and after appellee had lost his right to compensation by failing to give his employer timely notice of the accident. He was not misled by the acts of the insurance carrier nor were his rights prejudiced in any way. No element of estoppel is present, and while there are distinctions between waiver and estoppel, United States Fidelity & Guaranty Company v. Miller, 237 Ky. 43, 34 S. W. (2d) 938, 76 A. L. R. 12, there is nothing in the letter of April 16, 1938, to indicate a waiver or relinquishment of the right to interpose the defense of delay in giving notice if a claim for compensation should be filed. As said in

Western & Southern Life Ins. Company v. Van Hoose's Adm'x, 283 Ky. 577, 142 S. W. (2d) 145, 147: "The general rule is that a waiver is the intentional relinquishment of a known right, a voluntary act implying an election to forego some advantage which a party might at his option have demanded and insisted on. 27 R. C. L. page 904." Roberts v. Moss, 127 Ky. 657, 106 S. W. 297, 17 L. R. A., N. S., 280.

Whatever may have been the effect of the insurance carrier's acts on appellee's statutory duty to file his claim for compensation within one year after the date of the accident, there certainly was no waiver of the requirement to give notice of the accident to the employer as soon as practicable after the happening thereof. The Legislature has seen fit to require prompt notice of an injury so as to give an employer the opportunity to investigate the circumstances of the claim, and this requirement ought not to be dispensed with as a matter of course whenever there has been a failure to give the notice.

The judgment is reversed, with directions to enter a judgment affirming the award of the Workmen's Compensation Board.