George KISER, Appellant,

v.

BARTLEY MINING COMPANY et al., Appellees.

Court of Appeals of Kentucky.

April 23, 1965.

Rehearing Denied and Dissenting Opinion Filed Dec. 17, 1965.

Kelsey E. Friend, Friend & Mullins, Pikeville, for appellant.

John M. Stephens, Stephens, Combs & Page, Pikeville, for appellees.

CULLEN, Commissioner.

In this workmen's compensation case the employe was given an award for 50 percent permanent partial disability resulting from a silicotic condition. On appeal the circuit court set aside the award on the ground that the claim was barred under KRS 342.185.

The appellant employe was last employed as a coal miner in November 1957. In October 1960 he was informed by a doctor that he had contracted the disease of silicosis. In July 1961 he filed his claim for compensation.

At the time appellant's employment ceased there were on the statute books two provisions of workmen's compensation law fixing different limitation periods. KRS 342.316(3) provided in part as follows:

"The right to compensation under this chapter for disability resulting from an *occupational disease* shall be forever barred unless a claim is filed with the Workmen's Compensation Board within *one year* after the last injurious exposure to the occupational hazard or after the employe first experiences a distinct manifestation of an occupa-

tional disease in the form of symptoms reasonably sufficient to apprise him that he has contracted the disease, whichever *shall last occur; * * *.*" (Our emphasis.)

KRS 342.185 provided in part:

" * * * In cases of the disease of *silicosis,* caused by the inhalation of silica dust, no application for compensation shall be considered unless notice is given and claim is made *within three years after the last injurious exposure* to silica dust." (Our emphasis.)

It will be noted appellant's claim was filed within time under the first above quoted statute, but it was too late under the last quoted statute. It is appellant's position that although KRS 342.185 continued to be carried on the statute books, actually it had been impliedly repealed in 1956 by an amendment of that year to KRS 342.316. It is contended that we so decided in Osborne Mining Company v. Davidson, Ky., 339 S.W.2d 626. That case did not involve the question we have here because the employe's claim was timely filed under both statutes. Some rather casual language of the opinion, used in the discussion of the history of these statutes, cannot and should not be interpreted as an authoritative holding that KRS 342.185 was impliedly repealed by the 1956 amendment to KRS 342.316.

We find it unnecessary in this case to determine the question of whether KRS 342.185 was impliedly repealed in 1956, because it is our opinion that the limitation imposed by that section against the instant appellant's claim was effectively removed by a 1960 amendment to the section, effective June 16, 1960, which deleted the limiting language. That amendment became effective before the three-year limitation period had run against appellant's claim.

Some jurisdictions hold that an amendment to a workmen's compensation law extending the period of limitations on a claim should not be construed as being ap-

plicable to claims that arose before the amendment took effect. See Annotation, 79 A.L.R.2d 1109 to 1113. But the majority view is that such an amendment properly may be considered applicable to claims that arose before the amendment, where the previously existing limitation had not run on those claims at the time the amendment became effective. See Annotation, 79 A.L.R. 2d 1100 to 1104. We think the majority view is sound and we adopt it.

■ It is our conclusion that appellant's claim should not have been held to be barred by KRS 342.185, since the limitation imposed by that statute was deleted before it had run.

■ In the circuit court, appellant attempted by "counterclaim" to assert error by the Workmen's Compensation Board in awarding him compensation only for partial, rather than total disability. However, the counterclaim was not asserted within the 20-day period allowed by KRS 342.285 for taking an appeal, and therefore it was too late. Cf. Keeney v. Commonwealth Dept. of Highways, Ky., 345 S.W.2d 481; Scott v. Alaska Industrial Board, 123 F. Supp. 361, 15 Alaska 146; Associated Indemnity Corp. v. Marshall, 9 Cir., 71 F.2d 235.

The judgment is reversed with directions to enter judgment affirming the order of the Workmen's Compensation Board.

STEWART, Judge (dissenting).

I dissent from the opinion because it holds, erroneously I believe, that the three-year limitation period of KRS 342.185, applicable in 1957, was removed by KRS 342.-316(3), the amendment of 1960.

The opinion is to the effect that, as the amendment became effective before three years had run against appellant's particular claim, the claim was not barred. The opinion states this is the "majority view" and, without giving any reason therefor,

adopts it as a "sound" basis upon which to rest the opinion.

The annotation referred to in the opinion very carefully avoids classifying what appear at first to be conflicting views as "majority" and "minority." Instead it is pointed out that the cases listed in one section (Sec. 11) of the annotation, "adhere to the view that statutes enlarging the limitation period are merely procedural and remedial in nature * * *." The cases appearing in a later section (Sec. 14) of the annotation (at 79 A.L.R.2d 1109 to 1113) reach a contrary result because in those jurisdictions such statutes are different, are more than procedural, are not ordinary statutes of limitations but are "considered as a limitation upon the rights as well as the remedy."

Whatever may be the provisions of the workmen's compensation laws in states that construe time limitations another way, in this state the time requirements are fixed by the statute that creates the liability. This principle is clearly declared in United States Fidelity & Guaranty Co. v. Tafel Electric Co., 262 Ky. 792, 91 S.W.2d 42, 44. That opinion said on this point:

"Where a statute creates a new legal liability, with a right to a suit for its enforcement, provided the suit is brought within a designated period, the time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. In such cases it is treated as a condition attached to the right to sue and will control no matter in what form the action is brought."

See also 34 Am.Jur., Limitation of Actions, Sec. 7, pp. 16, 17.

We have here then a statute of creation. Just as the amount of compensation appellant shall be paid is fixed as of the date of the injury (See Osborne Mining Corporation v. Mallie Blackburn et al., Ky., 397 S.W.2d 144, this day decided), so the time within which he must file his claim is

fixed, by the statute which gives him the claim and not some other, later, different law.

It would seem to be beyond question that the workmen's compensation law "creates a new legal liability." In Taylor-Couch Construction Co. v. Elmore, Ky., 264 S.W. 2d 56, 59, it was said: "* * * the purpose of workmen's compensation statutes is to create liability and corresponding right irrespective of fault * * *."

Since appellant did not assert his claim within the time allowed by KRS 342.185, effective at the time liability would attach, the circuit court correctly adjudged that appellant's application for compensation could not be considered or allowed.

I would affirm the judgment.

MONTGOMERY, J., joins me in this dissent.