Joe CALDWELL, Appellant,

v.

BETHLEHEM MINES CORPORATION, Workmen's Compensation Board of Kentucky, and Special Fund, Appellees.

Court of Appeals of Kentucky.

May 29, 1970.

Combs & Anderson, Pikeville, for appellant.

Harry C. Campbell, Pikeville, for appellee Bethlehem Mines Corp.

J. Keller Whitaker, Director, Department of Labor, Frankfort, for Workmen's Compensation Board.

Thomas R. Emerson, Dept. of Labor, Frankfort, for appellee Special Fund.

CULLEN, Commissioner.

Joe Caldwell filed a claim with the Workmen's Compensation Board seeking an award of compensation for total permanent disability from silicosis. His most recent employer, Bethlehem Mines Corporation, and the Special Fund were named as defendants. Bethlehem filed a special answer asserting that the claim was barred by the one-year limitation prescribed in KRS 342.316(3). The Special Fund did not file any similar pleading. The board found that the claim was barred by limitations and entered an order dismissing the claim as against both defendants. Caldwell appealed to the circuit court, which entered judgment affirming the board's order.

Caldwell has appealed to this court from that judgment.

Caldwell's principal contentions are (1) that the defense of limitations should not have been sustained for either defendant because the only plea of limitations (by Bethlehem) was not filed within the time required by the board's rules of procedure, and (2) in any event the claim should not have been held barred as against the Special Fund because the latter did not plead limitations.

The board's rules of procedure, WCB 1–3–e, provide, in part:

"If the defendant relies upon an affirmative special defense, he shall set forth such defense in a special answer to be filed at least five days before the date set for hearing or within five days after such defense is discovered or could have been discovered in the exercise of reasonable diligence. * * *"

Caldwell's claim was filed on April 18, 1968. A hearing was set for May 1, 1968, but on application of counsel for Bethlehem was reset for June 5, 1968. Bethlehem's answer pleading limitations was filed on May 3, 1968, after the time originally set for a hearing but more than a month before the day the hearing actually was held. Bethlehem maintains that the answer was timely under the clause of the rule which permits an answer to be filed within five days after discovery of the defense in the exercise of reasonable diligence. Bethlehem's counsel made affidavit that he did not receive a copy of the claim (which was mailed to him by his client) until May 1, 1968; that he did not have an opportunity to examine the claim document until May 3, whereupon he discovered the defense of limitations and immediately filed answer asserting the defense.

We are not entirely convinced of the validity of Bethlehem's proposition, because we think the rule's requirement of reasonable diligence very well could apply to the client's forwarding of essential papers to counsel (which in the instant case was delayed for 11 days). However, we believe there are other reasons why the board was entitled to treat the answer as having properly raised the defense of limitations.

Before discussing those reasons we shall mention our recognition of the fact that it may be debatable whether the procedural rule here involved actually does and properly may apply to the pleading of the defense of limitations, since there is considerable authority for the proposition that statutory limitations of time for filing workmen's compensation claims are *jurisdictional* and therefore the limitation need not be pleaded as a special defense. See Annotation, 78 A.L.R. 1294; Mousel v. Bituminous Material and Supply Co., Iowa, 169 N.W.2d 763. In fact, this court substantially so held in Buckles v. Kroger Grocery & Baking Co., 280 Ky. 644, 134 S.W.2d 221, where the then existing rule relating to the pleading of a "special defense" was held not applicable to the defense of the failure of the claimant to give notice of injury within the time required by statute, and we said: "But we do not think it is necessary for the employer to plead as a special defense under Rule 15 the employee's failure to observe plain statutory provisions which are essential to his right to maintain his claim." However, for the purposes of this case we will treat the procedural rule here in question as being properly applicable to the pleading of limitations of time for filing of claim.

 The principal reason why we think the board was entitled to treat the answer as properly raising the defense of limitations is that the board has reasonable discretion in the application of its procedural rules and may for good cause excuse a failure of strict compliance. See Varney v. John's Creek Elkhorn Coal Corporation, Ky., 436 S.W.2d 258. A court, under CR 15, has liberal discretion to allow amendments to pleadings, and is directed to give leave freely when justice so requires. Prior to the adoption of the Civil Rules it

had been held that a defendant was entitled to amend his answer at any time before judgment to plead limitations. We would not conceive that there should be less liberality in the treatment of the rules of procedure adopted by the board for workmen's compensation cases.

It would seem therefore, that if the board properly could permit a defendant to amend a previously filed answer, to raise the defense of limitations, it could permit the late filing of an original answer asserting that defense. Particularly should this be so where, as here, the late filing did not in any way defeat the purpose of the rule, which is "to apprise the claimant of any *special* defense in order that he may be prepared to meet the issue." Buckles v. Kroger Grocery & Baking Co., 280 Ky. 644, 134 S.W.2d 221. The requirement of the rule that the answer be filed at least five days before the date *set* for hearing obviously is to give the claimant time to be prepared *at* the hearing. In the instant case the hearing actually was not held until more than 30 days after the answer was filed, so the claimant could not have been prejudiced.

The question remains as to the effect of the failure of the *Special Fund* to make any plea of limitations. It is our opinion that since the plea made by *Bethlehem* was not personal to Bethlehem but was common to both of the defendants and went to the whole right of the claimant to recover at all, the plea inured to the benefit of the Special Fund under the rule recognized "with practical unanimity" as stated in the Annotation in 78 A.L.R. 939 and as quoted in Haddad v. Louisville Gas & Electric Company, Ky., 449 S.W.2d 916.

In holding that Caldwell's claim was barred the board found as a fact that his disability occurred on September 23, 1963. Caldwell argues that there was no evidence to support that finding. The evidence was that Caldwell quit work on September 23, 1963, and never worked again; that "for two or three years before I quit

work I began having a lot of chest trouble and I got to where I couldn't hardly do a shift without having to rest;" that in October or November of 1963 he was told by a doctor that he had silicosis, and shortly thereafter he notified Bethlehem of that diagnosis. We think the evidence fully supports the board's finding.

The judgment is affirmed.

All concur except Neikirk, J., who did not sit.