Alfred CHURCH, Appellant,

v.

TURNER ELKHORN COAL COMPANY et al., Appellees.

Court of Appeals of Kentucky.

March 2, 1973.

Rehearing Denied May 4, 1973.

Robert Greene, Perry & Greene, Paintsville, for appellant.

Fred G. Francis, Prestonsburg, Robert D. Hawkins, Dept. of Labor, Frankfort, Gemma M. Harding, for Special Fund, Dept. of Labor, Louisville, J. Keller Whitaker, Director of Workmen's Compensation Board, Frankfort, for appellees.

VANCE, Commissioner.

This appeal presents questions concerning the notice requirement of KRS 342.185 and 342.316(2)(a) in Workmen's Compensation cases.

The appellant worked in coal mines until December 1967. At that time he complained of shortness of breath and pain in his chest. He quit work to see if he would get better and he never returned. Apparently he did not consult a physician until March 1971. He was informed by the physician that he had contracted silicosis and gave notice of disability to his employer. He filed an application for workmen's compensation benefits claiming total and permanent disability from December 1967.

The claim was dismissed by the Board upon the ground that claimant failed to give notice to his employer as soon as practicable after he first experienced a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he had contracted the disease. The dismissal was affirmed by the circuit court.

■ Appellant contends that the failure of the employer to specifically plead lack of timely notice as an affirmative defense constituted a waiver by the employer of that defense. This point was expressly dealt with by this court in Buckles v. Kroger Grocery & Baking Company, 280 Ky. 644, 134 S.W.2d 221 (1939), and the issue was concluded adversely to appellant.

■ Appellant next argues that his shortness of breath and chest pain in December 1967 was not a sufficiently distinct manifestation of silicosis to support a finding by the Board that he, at that time, had symptoms reasonably sufficient to apprise him that he had contracted the disease.

We have held that shortness of breath and chest pains do not, *as a matter of law,* sufficiently apprise a coal miner of the existence of silicosis but the question is one of fact for determination by the Board. Childers v. Hackney's Creek Coal Co., Ky., 337 S.W.2d 680 (1960) and Carol Coal Co. v. Harris, Ky., 477 S.W.2d 783 (1972). We cannot say the evidence in this case was insufficient to sustain such a finding.

The judgment is affirmed.

PALMORE, C. J., and OSBORNE, REED, MILLIKEN, STEPHENSON and STEINFELD, JJ., sitting.

All concur.