**James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,**

**v.**

**Willie HARRISON et al., Appellees.**

**James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund and Cherokee Coal Company, Appellants,**

**v.**

**Willie HARRISON and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 11, 1974.

Rehearing Denied Jan. 24, 1975.

Robert D. Hawkins, Chief Counsel, Sp. Fund, Dept. of Labor, Thomas L. Ferreri, Dept. of Labor, Frankfort, Atty. for Sp. Fund, for appellant James R. Yocom, Commissioner, etc.

John V. Porter, Jr., Wells, Porter & Schmitt, Paintsville, for appellant Cherokee Coal Co.

Hobart C. Johnson, Pikeville, for appellee Willie Harrison.

GARDNER, Commissioner.

Willie Harrison, appellee, filed an application for adjustment of claim with the Workmen's Compensation Board based on disability from pneumoconiosis. The board dismissed the claim because Harrison did not give his employer, Cherokee Coal Company, timely notice of his having contracted the disease, and for his failure to file the claim within the time prescribed by the statute. The circuit court reversed the board's decision and directed the board to make an award of maximum compensation. The Special Fund and Cherokee appeal.

Harrison filed a claim with the board on February 25, 1971, alleging permanent and total disability from May 30, 1969. On March 4, 1971, the board notified Cherokee and the Special Fund of the filing of the claim. On March 6, 1971, the Special Fund filed a notice of resistance. Cherokee failed to file a notice of resistance. A hearing was held on July 12, 1971. Cherokee filed a special answer on July 15, 1971, asserting the defenses of lack of timely notice to Cherokee and limitations. The defenses were based largely upon the fact that Harrison filed his claim for federal "Black Lung" benefits on January 13, 1970, which was more than 13 months before he filed his claim with the board. The Special Fund filed its special answer on July 29, 1971, and asserted the same defenses. The board overruled Harrison's motions to strike the special answers and dismissed the claim.

The circuit court decided that the special answer of the Special Fund should be stricken because the Special Fund did not file its special answer until 17 days after the hearing, thus violating the board's rule of procedure, WCB 1–3–E, which provides in part:

"If the Defendant relies upon an affirmative special defense, he shall set forth such defense in a special answer to be filed at least five days before the date set for hearing, or within five days after such defense is discovered, or could have been discovered in the exercise of reasonable diligence. * * *."

The court also decided that the special answer of Cherokee should be stricken because Cherokee failed to file a notice of resistance as required by KRS 342.316(2)(b)5.

The trial court erred when it substituted its judgment for that of the board on the questions of whether Harrison gave timely notice and whether he filed his claim within one year from the date he was apprised of having contracted the disease. We perceive these questions to be issues of fact to be determined by the board. The record reveals that Harrison quit work in March 1969 because of shortness of breath. He filed a federal "Black Lung" claim on January 13, 1970, and yet failed to file a workmen's compensation claim until February 25, 1971. Harrison contended that he was not aware of his

having pneumoconiosis until the illness was diagnosed in November 1970. We believe there was substantial evidence to support the finding of the board that notice was not timely given and the claim was not timely filed.

At this juncture arises the question of whether Cherokee and the Special Fund properly presented·their defenses.

■ The statute clearly provides that within 60 days of the filing of a claim the employer and any other interested party shall notify the board and the claimant of their intent to resist the claim. The statute further recites, "If the claim is not resisted, then the board shall within ten (10) days enter an order and award for the claimant." Since the employer failed to file the notice of resistance, it had no standing to rely on its special answer. We are of the view, therefore, that the trial court correctly directed the board to find for claimant as against Cherokee.

■ We believe that since the Special Fund properly filed a notice of resistance, it was entitled to present the defense that claimant did not give notice to the employer as soon as practicable after becoming apprised of having contracted the disease. Claimant insists that the Special Fund's answer, filed 17 days after the hearing, contained affirmative defenses and should have been stricken because it did not conform to the rule requiring the defenses to be made, at the latest, five days after the defendant learned of the defenses. This argument runs counter to Church v. Turner Elkhorn Coal Company, Ky., 492 S.W. 2d 877 (1973), and Buckles v. Kroger Grocery & Baking Co., 280 Ky. 644, 134 S.W. 2d 221 (1939), wherein it was held that the defense of a claimant's not giving timely notice was not waived by the employer's failure to plead the defense.[1] Accordingly Harrison was entitled to recover from Cherokee.

■ Since neither Cherokee nor the Special Fund at any time during the proceedings raised the issue as to the amount of compensation to be paid Harrison, in the event of recovery, we think the judgment of the circuit court awarding maximum compensation should stand. By virtue of KRS 342.316(12), however, the employer is liable for only 60 percent of Harrison's entitlement.

The judgment is affirmed in part and reversed in part and remanded for proceedings consistent with this opinion.

OSBORNE, C. J., and MILLIKEN, JONES, PALMORE, REED and STEINFELD, JJ., concur.

STEPHENSON, J., not sitting.

---

[1]. For a discussion as to whether it is necessary to plead the statutory limitation as a defense to the late filing of the claim itself, see

Caldwell v. Bethlehem Mines Corporation, Ky., 455 S.W.2d 67 (1970).