Thomas F. PEACH, Appellant,

v.

21 BRANDS DISTILLERY, a Division of Foremost-McKesson, James R. Yocom, and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Feb. 9, 1979.

Discretionary Review Denied
May 15, 1979.

**236**

Phil Williams, Louisville, for appellant.

Walter A. Ward, Lexington, for appellee, 21 Brands Distillery.

Gemma Harding, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellee, James R. Yocom.

Before GANT, HOGGE and HOWERTON, JJ.

HOWERTON, Judge.

Peach appeals from a decision of the Franklin Circuit Court affirming an order of the Workmen's Compensation Board dismissing his claim for failure to comply with the two-year statute of limitations, KRS 342.185. Peach raises two issues. First, he argues that his claim is not barred by the limitation, because the employer failed to notify him thirty days before the expiration of the time limit as required by KRS 342.-186, which was enacted after the alleged injury but before the end of the two-year limit. Peach also argues that the Special Fund is estopped from raising the limitation as a defense, because the Fund did not timely plead it.

Peach claims to have suffered a myocardial infarction on June 12, 1973, while on the premises of his employer, 21 Brands Distillery. He did not file a claim with the Workmen's Compensation Board until thirty-seven months later on July 16, 1976, alleging at that time that the heart attack was in the course of his employment. The employer timely filed a defense of the statute of limitations while the Special Fund did not.

In July 1974, KRS 342.186 became effective. It requires that "[a]n employer shall notify any employee who has received an injury or illness of the statute of limitations applicable to the injury or illness, not later than thirty (30) days prior to the expiration date." It is admitted by the employer that no such notice was given to Peach in this case.

The majority on this panel concludes that approval of appellant's theory would require a retroactive application of KRS 342.186, because that statute was not in effect at the time of his injury. A retrospective law is one which creates and imposes a new duty in respect to transactions or considerations already past. 73 Am. Jur.2d *Statutes* § 348. Whether a statute is to operate retrospectively, or prospectively only, may depend on legislative intent, but courts apply a strict rule of construction against retrospective operation and presume that legislatures intended a prospective application, especially when new rights and duties are created. *Id.* § 350. Here we have no indication of legislative intent, and we must look at the nature of the statute itself.

Generally speaking, the law in this Commonwealth is that the statute in effect on the date of the injury is controlling. *Maggard v. International Harvester Company*, Ky., 508 S.W.2d 777 (1974). *Maggard*, however, was concerned with increased benefits by statutory change. We do note that some statutes which relate to remedies or modes of procedures are excepted from the general rule. 73 Am.Jur.2d *Statutes* § 354. Peach has directed our attention to *Kiser v. Bartley Mining Company*, Ky., 397 S.W.2d 56 (1965). In *Kiser*, the Court was of the opinion that if the original statute of limitations had not run by the time a new statute of limitations became effective, the applicable limitation period would be enlarged to the new limitation.

We are unable to agree with Peach's contention that the situation faced by the Court in *Kiser* is analogous to the situation in the instant case. The change in *Kiser* provided a mere passive extension of time. We find the requirement in KRS 342.186 to be an additional duty or affirmative obligation. The nature of the statutory change in this case lies somewhere between those considered in *Maggard* and *Kiser,* and the new duty is more a part of the remedy or procedure than the creation of a new right or increase in liability. It is a duty, however, that the employer did not have at the time of the alleged injury, and there is no indication in the statute that the employer was required to set up new procedures or resurrect old records to comply with this new notice requirement for this old potential claim. We, therefore, decline to apply KRS 342.186 to causes in existence on its effective date.

Next, we conclude that *Caldwell v. Bethlehem Mines Corporation,* Ky., 455 S.W.2d 67 (1970), is dispositive of Peach's allegation that the Special Fund is estopped from raising the statute of limitations as a defense. The Court stated in that case:

> The question remains as to the effect of the failure of the Special Fund to make any plea of limitations. It is our opinion that since the plea made by *Bethlehem* was not personal to Bethlehem but was common to both of the defendants and went to the whole right of the claimant to recover at all, the plea inured to the benefit of the Special Fund as recognized 'with practical unanimity' as stated in the Annotation in 78 A.L.R. 939 and as quoted in *Haddad v. Louisville Gas & Electric Company,* Ky., 449 S.W.2d 916. (455 S.W.2d at 69.)

The judgment of the circuit court is affirmed.

HOGGE, J., concurs.

GANT, J., dissents.

GANT, Judge, dissenting.

I disagree with the opinion of the majority. KRS 342.186, relied upon by the appel-lant, became effective June 21, 1974. Thus the statute was in effect for 11 months at the time the obligation created by this statute for notification to the employee arose. Although it is true that any statutes pertaining to the injury itself are those which are in effect at the time of the injury, those requiring notice must speak at the time the notice is required. This is no retroactive obligation on the employer but an obligation which existed by statute almost one year before the expiration of the time under the statute of limitations.

The employer, having failed to give notice required by a statute in effect at the time the notice was required, should be *estopped from raising the defense of statute of limitations in accordance with KRS 342.186.*