John Calhoun WELLS, Secretary, Labor
Cabinet (Special Fund), Appellant,

v.

William L. FORD, Peabody Coal Co.
and Workers' Compensation
Board, Appellees.

PEABODY COAL
COMPANY, Appellant,

v.

William L. FORD, John C. Wells, Secretary, Labor Cabinet (Special Fund) and
Workers' Compensation Board, Appellees.

Supreme Court of Kentucky.

Aug. 7, 1986.

As Corrected Aug. 7, 1986.

David R. Allen, Labor Cabinet, Louisville, for appellant/appellee, Special Fund.

William P. Swain, Larry L. Johnson, Peter J. Glauber, Louisville, for appellee/appellant, Peabody Coal Co.

Jerry P. Rhoads, Madisonville, for appellee, William L. Ford.

LEIBSON, Justice.

The claimant, William L. Ford, filed an application for workers' compensation benefits alleging disability as the result of coal workers pneumoconiosis.

When the case was submitted to the Workers' Compensation Board for decision, the employer argued that the claim was barred because the employee failed to give due and timely notice as required by KRS 342.316(2)(a). The *first* Opinion from the Board, dated April 4, 1983, included the following "Findings of Fact":

"3. The defendants received due and timely notice of plaintiff's claim."

. . . .

6. Defendant employer agrues [sic.] for dismissal for failure to due and timely notice pursuant to KRS 342.316(2)(a) in its brief. However, the defendant did not set forth this affirmative defense as required by 803 KAR 25:010(3)(5)."

In this Opinion the Board awarded plaintiff benefits for 100% occupational disability.

The employer then filed a Petition for Reconsideration claiming that the Opinion contained an error of law on its face because notice need not be affirmatively pleaded. *Buckles v. Kroger Grocery and Baking Co.*, 280 Ky. 644, 134 S.W.2d 221 (1939); *Church v. Turner Elkhorn Coal Co.*, Ky., 492 S.W.2d 877 (1973).

The Board sustained the employer's Petition for Reconsideration, withdrew its Opinion and Award, and entered a second Opinion and Order, dated August 8, 1983, dismissing the claim "for failure of plaintiff to give due and timely notice." The new Opinion and Order recited:

"2. The defendants raised the issue of due and timely notice, which we decided adversely. The basis for our finding was that the defendants had waived this defense by failing to affirmately (sic.) plead lack of timely notice as a defense.

. . . .

4. The plaintiff last worked on February 18, 1980. Notice was given in August, 1981.

5. Dr. Billy R. Allen testified that he examined plaintiff in 1979 and around August of 1979, advised plaintiff that he had coal worker's pneumconiosis [sic.] and began a treatment program for the condition. Plaintiff has been a partici-

pant in a black lung program held at the Greenville Clinic since approximately May 23, 1979.

6. We find that defendant's petition should be sustained and this claim dismissed for failure of plaintiff to give due and timely notice."

The employee, Ford, then appealed to the Ohio Circuit Court which reversed and remanded with directions to reinstate the original Opinion and Order.

The Circuit Court's opinion concluded that it was "obvious" that in making the original finding the Board "did not make any independent determination as to the notice" question, but instead "relied on its mistaken belief that as the employer had not affirmatively plead the defense of insufficient statutory notice, that the notice requirement had been waived." Nevertheless, the Circuit Court further concluded that, because it was "obvious" that the Board first considered the "merits" of the notice question "on the Petition for Reconsideration," at that point the "Board was without authority to review the claim on the merits," and therefore the original award should stand. The Circuit Court's decision was based on its interpretation of *Beth-Elkhorn Corp. v. Nash*, Ky., 470 S.W.2d 329 (1971). The Circuit Court was of the further opinion that the Board had lost authority to change its decision on Petition for Reconsideration because it had not acted on the Petition "within ten (10) days after submission," as provided in KRS 342.281.

The Court of Appeals affirmed the Circuit Court. In doing so, it went one step further than the Circuit Court; it considered the merits of the issue of notice as though it were an original question before the Court of Appeals, and decided that the employee's notice was timely because it was made as soon as practicable and because there were circumstances from which it could be inferred that the employer had actual notice in timely fashion.

The principal issue for discretionary review is whether the Board acted within its

authority when, pursuant to the Petition for Reconsideration, it withdrew its original Opinion and Award, acknowledged it was error to require that the lack of notice defense must be affirmatively pled, and then considered the notice question on the merits, at which point it decided the timely notice question adversely to the claimant.

■ We note in passing that, as stated, one of the grounds for reversal in the Circuit Court was the Board's failure to act on the Petition for Reconsideration within ten days after submission. On subsequent appeals the employee has not pursued the claim that the Board lost jurisdiction to change the original award after ten days. We are of the opinion that the statute cannot be construed to mandate a defeasance of the power to decide a Petition for Reconsideration by providing a time limit of such short duration for issuing the decision. In a statute of this nature, power to decide, once given, is not divested by an unreasonably short and impractical time period for decision making. As in *Webster County v. Vaughn*, Ky., 365 S.W.2d 109 (1963), "the provision as to time is directory and not a limitation of authority."

In *Eaton Axle Corporation v. Nally*, Ky., 688 S.W.2d 334, 338 (1985), we established the rule "that KRS 342.281 [the petition for reconsideration statute] should be utilized as a statutory counterpart of CR 52.04," which provides that a party shall not complain on appeal "because of the failure of the trial court to make a finding of fact on an issue essential to the judgment unless such failure is brought to the attention of the trial court by a written request for a finding on that issue or by a motion pursuant to Rule 52.02 [to amend or make additional findings]." *Eaton Axle* was a workers' compensation case where the issue of notice had been "energetically contested by the employer ... and yet the Board failed to make any finding of fact relating thereto." 688 S.W.2d at 337. The purpose of our decision was to mandate a procedure whereby the Board would correct those procedural mistakes made in arriving at its decision which are evident from the face of the Opinion, such as failure to make an essential finding of fact, *before* appeal to the courts. Thus we eliminate the need for a remand for such corrections. We held that a Petition for Reconsideration pursuant to KRS 342.281 was an appropriate vehicle to permit the Board to correct such errors.

■ The present case is but a corollary of the principle established in the *Eaton Axle Corporation* case. Here the problem did not lie in failure to make a finding, but in a finding which was patently procedurally erroneous. The employee concedes that the Board was in error in believing that the employer needed to plead the notice issue as an affirmative defense before contesting it on the merits. Thus, the Petition for Reconsideration was the appropriate device to bring this error to the Board's attention. This finding (No. 6) in the Opinion made ambiguous the earlier finding (No. 3) that "[t]he defendants received due and timely notice of plaintiff's claim." Only the Board would know whether finding No. 3 was a decision on the merits of the notice issue, or instead merely a *pro forma* recitation which must follow if, as stated in finding No. 6, the defendants were required to raise the notice issue as an affirmative defense.

The subsequent "Opinion and Order" on August 8, 1983, issued after the Petition for Reconsideration, clears the ambiguity. It states:

"2. The defendants raised the issue of due and timely notice, which we decided adversely. The basis for our finding was that the defendants had waived this defense by failing to affirmately (sic.) plead lack of timely notice as a defense."

The Board then proceeded to consider the merits of the notice question and held:

"6. We find that defendant's petition should be sustained and this claim dismissed for failure of plaintiff to give due and timely notice."

The *Beth-Elkhorn Corp. v. Nash* decision, cited *supra*, relied on by the Circuit Court, that the Board cannot reconsider the

merits of the claim on Petition for Reconsideration, does not apply in the present situation.

*Beth-Elkhorn* holds that the Board does not have the authority to *reconsider* and change its mind, to redecide a factual issue on a Petition for Reconsideration.

In the case at bar, the Board made it abundantly clear in its subsequent Opinion and Order that it was deciding the merits of the notice question for the first time, not *reconsidering* the question. It had not decided the merits of the notice question initially because it erroneously deemed it unpreserved because the defendants had not affirmatively plead lack of notice. Thus the Board was correcting its procedural error in failing to decide the notice question by doing so in its second opinion.

The employee, Ford, looks to finding No. 3 of the original Opinion as proof that the notice question was decided on its merits. The employer and Special Fund look to finding No. 6 in the original Opinion to claim otherwise. The Board, itself, resolves this difference of opinion, and quite properly so, by its second Opinion, paragraph 2 quoted above.

If, as the employee contends, the Board had decided the notice question on its merits at the time of the first Opinion, the second Opinion would have so stated, instead of stating otherwise.

The Board's first Opinion had an error of law, patent on its face, and the Petition for Reconsideration was the proper way to address it. KRS 342.281 provides as its purpose "the correction of errors patently appearing upon the face of the award, order or decision." It must follow that "correction" was only possible if the Board then undertook to decide the notice question on its merits, since, by its own statement, the notice question remained unresolved on its merits at the time of the first Opinion.

■ Thus, the logical extension of the Board's authority to correct a Petition for Reconsideration under KRS 342.281, is the authority to decide a still unresolved question on the merits. This interpretation is essential to give practical meaning to the statute, and it is a logical counterpart to our decision in *Eaton Axle, supra*, to the effect that the Petition for Reconsideration should be utilized as a vehicle to permit the Board to make findings of fact where it has procedurally failed to do so, before an appeal is taken to the courts.

■ Further, we agree with the appellants that neither the Circuit Court nor the Court of Appeals had authority to overturn the finding of fact made by the Board on the notice question because the employee did not challenge on appeal whether the record would support this finding. Instead, his appeal to the courts simply challenged the authority of the Board to entertain this question in the Petition for Reconsideration stage and change its Opinion. The issue of whether the evidence on the notice question compelled a different finding than the one ultimately made by the Board is not preserved for appellate review. The Court of Appeals was in error in considering the merits of the notice question.

As stated in the appellees' brief, the issue raised by the employee's appeal was whether the "Board's original finding ... was *res judicata* and the Board was without power to later reverse itself on the merits and dismiss the plaintiff's claim." Whether the evidence before the Board was such as to "compel" a different finding by the Board (*Caudill v. Maloney's Discount Stores*, Ky., 560 S.W.2d 15 (1977)), was not an issue that was preserved.

Therefore, the decisions of the Court of Appeals and the circuit court are reversed. The Opinion and Order of the Workers' Compensation Board in this case is affirmed, and the employee's appeal therefrom is dismissed.

All concur except WHITE, J., not sitting.