**614**

F. L. TUNSTALL, Appellant,

v.

BLUE DIAMOND COAL COMPANY et al.,
Appellees.

Court of Appeals of Kentucky.

June 22, 1962.

Rehearing Denied Sept. 21, 1962.

H. B. Noble, C. A. Noble, Jr., Hazard, for appellant.

Maxwell P. Barret, Reeves, Barret & Cooper, Hazard, for appellees.

MONTGOMERY, Judge.

The sole issue on the appeal is whether there was substantive evidence to support the holding of the Workmen's Compensation Board that F. L. Tunstall had failed to give due and timely notice to Blue Diamond Coal Company of his alleged occupational disease. The circuit court judgment affirmed a denial of benefits by the Board and its referee.

Appellant had worked for Blue Diamond about fifteen years. His employment was terminated on March 29, 1957. He gave notice on November 11, 1957, that he had an occupational disease, contact dermatitis.

The first indication of the disease was in February 1955. Appellant's skin became red and itchy, with a breaking-out about the eyes and ears. He obtained treatment from local doctors which provided temporary relief. In May 1956, he was hospitalized for four days in Lexington. An allergy survey was made. At that time the skin on his neck, sides of his face and exposed portion of his chest, and his eyes and ears turned red and itched severely. The condition was relieved but recurred in a week or ten days after he returned to work.

On December 31, 1956, a Doctor Betty Owens examined appellant. At that time, she said, he had "eczematoid eruption on the eyelids, neck, ears, legs and body just below the waist." A patch test was made from which Dr. Owens determined on January 4, 1957, that appellant had "positive relations to rubber and synthetic rubber sponge." She questioned appellant closely

about his occupation and discovered that he worked with rubber-coated hose cables and tires in the mine. He was instructed to get samples of rubber from the mine for a patch test. Dr. Owens conducted a further test, using the mine samples of rubber, on June 28, 1957. She diagnosed his condition as contact dermatitis "due to some object at work, mostly rubber." From the beginning, the skin condition would "flare up" when appellant went back to work.

The Board concluded "that certainly in January, 1957, the plaintiff must have known that he had the occupational disease, but even assuming he did not, certainly in June 1957 he knew it" and that he "did not give notice as soon as practicable within the meaning of the Act." No explanation was given by appellant for his failure to make known his condition prior to November 11, 1957. As early as May 1956, appellant was disabled by his condition to the extent that he had to be hospitalized and was unable to work for a period thereafter.

KRS 342.316(2) controls the notice to be given when the disability is from an occupational disease. The notice is not required to be given until the employee has a disability from an occupational disease which impairs his capacity to perform his work and the employee knows, or should know, by the exercise of reasonable care and diligence that he is suffering from the disease. Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167. The notice must be given within a reasonable time under the circumstances of the particular case. Peabody Coal Co. v. Harp, Ky., 351 S.W.2d 170; Harlan Fuel Co. v. Burkhart, Ky., 296 S.W.2d 722.

The Board sustained the referee's finding and held that the Blue Diamond Coal Company did not have due and timely notice. If there is substantive evidence to support such finding of the Board, it will not be disturbed. Nashville Coal Company v. Epley, Ky., 350 S.W.2d 463; Elk Horn Coal Corporation v. Isaac, Ky., 284 S.W.2d 88; Tyler-Couch Construction Company v. Elmore, Ky., 264 S.W.2d 56. There is substantive evidence to sustain the Board's finding.

Appellant argues that the knowledge of his condition had by certain of Blue Diamond's employees was imputed to it. See Osborne Mining Company v. Davidson, Ky., 339 S.W.2d 626. This evidence was before the Board and was rejected in view of its finding.

Judgment affirmed.