**BETH–ELKHORN CORPORATION and Special Fund, Appellants,**

v.

**Albert TERRY et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 23, 1970.

Rehearing Denied March 27, 1970.

---

Harry C. Campbell, Pikeville, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellants.

Richard D. Cooper, Reeves, Barret, Cooper & Ward, Hazard, for appellees.

WADDILL, Commissioner.

In separate appeals, now consolidated and disposed of by this opinion, Beth-Elkhorn Corporation and Special Fund assail the judgment of the circuit court which affirmed an award to Albert Terry by the Workmen's Compensation Board. By its award the Board determined that Terry became totally and permanently disabled "on or about November 17, 1967, as the result of the occupational disease of silicosis and/or pneumoconiosis arising out of and in the course of his employment as a coal miner." The Board found that Terry was last injuriously exposed to the hazard of those diseases during a period of employment for "six months or more" by Beth-Elkhorn Corporation. Further findings of the Board were that no conclusive showing was made that Terry's disability resulted from his last exposure, although it found that Terry was exposed to the hazard of the disease in his employment in Kentucky for at least two years next before his disability. Accordingly, the entire award as to benefits was fixed against Special Fund, KRS 342.316(13) (a); medical allowances were awarded against Beth-Elkhorn, KRS 342.-020.

The appellants aver that the only question presented is thus framed: "Is an individual who declined a work offer, announced his retirement, applied for and obtained company, union and Social Security retirement benefits entitled to workmen's compensation benefits for an occupational disease under a claim filed at age 69?"

However, the appellee Terry suggests, and we agree, that the stated question is not presented by this record.

The uncontradicted medical proof was that Terry is permanently and totally disabled from occupational disease, as found by the Board. Although there was evidence that Beth-Elkhorn offered employment to Terry in February 1968, which Terry rejected, it is not established that Terry refused the offer of employment because he had voluntarily retired from the labor market. Terry testified that he declined the employment offer because of physical disability. His evidence on that score was credible and not affirmatively refuted.

It was not until February 1969 that Terry's illness was diagnosed, but this falls short of an implication that the disabling effects of the disease were absent until that date. On the contrary, as found by the Board, there was substantial evidence to support the Board's finding that Terry became disabled from the disease "on or about November 17, 1967." In this state of case, the question advanced by appellants is not in this litigation.

The judgment is affirmed.

All concur.