INLAND STEEL COMPANY and Special Fund, Appellants,

v.

John Franklin PENNINGTON, et al., Appellees.

Court of Appeals of Kentucky.

March 26, 1971.

Harry C. Campbell, Pikeville, Martin Glazer, Frankfort (Dept. of Labor), for appellants.

Woodrow W. Burchett, Prestonsburg, J. Keller Whitaker, Frankfort (Workmen's Compensation Board, State Office Bldg.), for appellees.

PALMORE, Judge.

Inland Steel Company and the Special Fund appeal from a judgment affirming a

maximum award of workmen's compensation to John Franklin Pennington on a finding of total disability by reason of silicosis.

The facts are quite similar to those in Inland Steel Company v. Terry, Ky., 464 S. W.2d 284 (reh. den. March 26, 1971), except that in this case there was substantial evidence to support the finding that the claimant actually was disabled at the time of his retirement. As in Terry's instance, Pennington retired in 1964 pursuant to the company's mandatory policy of retirement at the age of 65. In 1968 he learned from a physician that he had silicosis and shortly thereafter he instituted this proceeding for compensation. The board found that he was disabled on the date of his retirement in 1964.

It is extremely doubtful under the evidence that this claim would survive a review directed to the question of whether it was presented within one year after Pennington first experienced symptoms reasonably sufficient to apprise him that he had contracted the disease, cf. KRS 342.316(3), but the appellants have elected to pitch their case exclusively upon the argument that workmen's compensation is not designed or intended to benefit an individual who has voluntarily retired and removed himself from the labor market. We have decided to the contrary in two opinions handed down today. Inland Steel Company v. Terry, supra; Beth-Elkhorn Corporation v. Hillman, Ky., 465 S.W.2d 281 (decided March 26, 1971).

The judgment is affirmed.

All concur.