**BETH–ELKHORN CORPORATION et al.,**
**Appellants,**

**v.**

**Ted W. HILLMAN et al., Appellees.**

Court of Appeals of Kentucky.

March 26, 1971.

Harry C. Campbell, Pikeville, for Beth-Elkhorn Corp.

Thomas R. Emerson, Dept. of Labor, Frankfort, for Special Fund.

H. B. Noble, Hazard, Herbert Deskins, Jr., Pikeville, for appellees.

NEIKIRK, Judge.

Ted W. Hillman had worked forty-two years as a coal miner for various employers. He was laid off in a reduction of the working force by Beth-Elkhorn Corporation on March 2, 1968, when the mine where he was employed was closed. The day he last worked was February 29, 1968. At that time he was sixty-eight years of age. After he ceased working he made application for a miner's pension under the UMWA Welfare and Retirement Fund. He also made application for Social Security benefits. He was receiving benefits from both when on October 15, 1968, as a result of a physical examination, he discovered that he had pneumoconiosis. On October 21, 1968, he notified Beth-Elkhorn Corporation of this fact. On January 31, 1969, he filed application with the Workmen's Compensation Board against Beth-Elkhorn Corporation and the Special Fund. On October 27, 1969, the Workmen's Compensation Board found that Hillman was totally and permanently disabled as of February 29, 1968, due to the occupational disease of pneumoconiosis, and awarded him full benefits against the Special Fund and medical benefits against Beth-Elkhorn Corporation. The award was appealed to the Letcher Circuit Court. On Feburary 18, 1970, that court affirmed the determination of the Workmen's Compensation Board. It is from that judgment that Beth-Elkhorn Corporation and the Special Fund appeal.

There is ample evidence to sustain the Board's finding that Hillman was totally and permanently disabled from the compensable occupational disease of pneumoconiosis and that he met all the essential statutory requirements for eligibility under the Workmen's Compensation Act.

The appellants contend that the following is the only question presented in this case: "Is an individual who voluntarily retired on two pensions at age sixty-eight entitled to workmen's compensation benefits upon discovering at age sixty-nine that he has an occupational disease?"

Appellee Hillman, on the other hand, states that the above question is not

presented by the record in this case and that Beth-Elkhorn Corporation v. Terry, Ky., 452 S.W.2d 417, is controlling.

We believe that the record in this case does present the question. However, under our present workmen's compensation laws we find no declaration that would prohibit a workman who suffers wage loss from receiving multiple benefits simultaneously. This is a matter solely within the control of the Legislature, and we do not propose to usurp its powers.

■ When a workman suffers wage loss due to old age, physical disability, voluntary or forced retirement, or economic unemployment, separately or in combination, he experiences only one wage loss. Under our present laws a workman may be eligible to receive benefits under one or more of the social programs fitting his particular category. Perhaps social legislation should be enacted to coordinate in such a manner the benefits a workman may receive as to permit him only one benefit for wage loss. Until this is done, we must be content to apply present statutory provisions. We cannot deny workmen's compensation coverage based on the proposition that the workman is receiving other monetary benefits. The fact that Hillman was drawing retirement benefits from Social Security and from the UMWA Welfare and Retirement Fund is not sufficient to defeat his claim. Neither can we deny benefits simply because a workman has retired. Cf. Inland Steel Company v. Terry, Ky., 464 S.W.2d 284.

■ In the instant case the Board found that appellee Hillman met all the requirements to receive an award of total and permanent disability due to the occupational disease of pneumoconiosis. The Board had substantial evidence to support its finding that Hillman was disabled as a result of the disease on or about February 29, 1968. We do not find such conclusions clearly erroneous.

The judgment is affirmed.

All concur.