John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky, etc., Appellant,

v.

Paul BREEDING et al., Appellees.

Court of Appeals of Kentucky.

April 2, 1971.

———◆———

Martin Glazer, Frankfort, Gemma M. Harding, Dept. of Labor, Louisville, for appellant.

George Chad Perry, III, Robert J. Greene, Paintsville, for Paul Breeding.

Fred G. Francis, Prestonsburg, for Island Creek Coal Co.

Harry C. Campbell, Pikeville, for Inland Steel Co.

NEIKIRK, Judge.

On March 2, 1970, the Workmen's Compensation Board awarded Paul Breeding compensation for permanent total disability. The Board found that Breeding became disabled as of April 8, 1966, as a result of pneumoconiosis, while employed by the Island Creek Coal Company. The award was against the Special Fund. The Special Fund appealed to the Floyd Circuit Court, which affirmed the award of the Board. It is from this judgment that the Special Fund appeals. We affirm.

Breeding had been injured in 1961 while employed by Inland Steel Company. According to the records and findings of the Workmen's Compensation Board, he was awarded compensation against his employer for 3⁶⁄₇ weeks of temporary total disability and for 191⁶⁄₇ weeks of permanent partial disability.

The Special Fund contends that there is a period of overlap between the present award and the previous award, for which credit should have been given on the present award.

In the opinion, order, and award of March 2, 1970, the Board stated in part as follows:

"* * * Plaintiff testified that in 1962 his back and hips were injured in a shuttle car accident, and that he was awarded and paid benefits for a 25% permanent partial disability. In the absence of any other evidence on this point, we went to our records to ascertain the facts. Plaintiff's claim for this injury against Inland Steel Company, No. C-29727, was settled by Agreement, approved by the Board on May 15, 1962. The record shows that plaintiff was paid benefits by the employer for total temporary disability from the date of the accident, March 14, 1961, until April 12, 1961, a period of 3⁶⁄₇ weeks. On April 12, 1961, he returned to his job. Under the Act as it existed at that time, he was paid benefits for the 25% permanent

partial disability by the Subsequent Injury Fund at the rate of $16.00 per week for 191⅔ weeks. The final payment was made on February 10, 1965, more than a year before plaintiff became disabled by the occupational disease."

Based on the record, the award of the Board must stand inasmuch as appellant Special Fund did not introduce any evidence to support its contention that there was an overlap. Had the Special Fund introduced evidence showing that the first award was for the statutory period of time (400 weeks), then the issue of overlapping payments would have been squarely presented. Absent such evidence, the Floyd Circuit Court did not err in affirming the award of the Board.

The judgment is affirmed.

All concur.