**TWIN PEAK COAL COMPANY and John W. Young, Commissioner of Labor and Custodian of the Special Fund and Special Fund, Appellants,**

v.

**Albert WOOLUM and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

May 7, 1971.

William A. Rice and Gayle G. Huff, Rice & Huff, Harlan, Martin Glazer and Thomas R. Emerson, Dept. of Labor, Frankfort, for appellants.

Julian H. Golden, Pineville, J. Keller Whitaker, Workmen's Compensation Bd., Frankfort, for appellees.

CULLEN, Commissioner.

The Workmen's Compensation Board found Albert Woolum to be totally and permanently disabled from silicosis, and directed that the compensation for the disability be paid by the Special Fund, in accordance with the provision of KRS 342.-316(13) (a) that all compensation shall be paid by the Special Fund in cases where disability from silicosis is not conclusively proved to be the result of the last exposure. The board further directed that medical expenses be paid by Twin Peak Coal Company, in whose employ Woolum was last exposed to the hazards of silicosis. The Special Fund and Twin Peak appealed to the circuit court, which entered judgment affirming the order of the board, and they have appealed here from that judgment.

The primary contention of the appellants is that the board erred in finding that Woolum gave timely notice of claim as required by KRS 342.316(2). This statute, applicable to occupational-disease cases, provides that the employe must give notice of claim to his employer "as soon as practicable after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted such disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur."

Woolum ceased working for Twin Peak on June 30 or July 30, 1968, when it closed its mine. He did not give notice of claim until September 15, 1969. The appellants maintain that the evidence shows that Woolum discovered on November 1, 1968, that he had silicosis. He had sought employment with another coal company and on that date he was given a pre-employment physical examination by a doctor employed by the company. Woolum's testimony with respect to that occasion was as follows:

"Q. When did you first learn that you were suffering from any kind of an occupational disease?

\* \* \* \* \* \*

A. Over here at Tackett's Creek, I was turned down. I went over there to get a job.

Q. By the Consolidated Coal Company?

A. Consolidated Coal Company, and they turned me down.

\* \* \* \* \* \*

Q. Mr. Woolum, you are not allowed to state anything that was said to you. Did you learn why you were turned down?

A. Yes."

Obviously, if Woolum knew that "occupational disease," as used in the first question asked him as above quoted, meant silicosis, his answers constituted a direct admission that he learned on November 1, 1968, that he had silicosis. There are indications in the record, however, that he did *not* know that "occupational disease" meant silicosis.

The doctor who gave Woolum the examination on November 1, 1968, testified that he found Woolum to have extensive arthritis, and some old compression fractures of vertebrae, in addition to Grade I silicosis. He said that all of those conditions were mentioned in his report to Consolidated Coal Company, and that he had some recollection that Consolidated sent Woolum back for a second examination of the ver-

tebrae. Also, he testified that Consolidated probably rejected Woolum for employment because of the back injury and the silicosis together; however, he did not know what reasons the company gave Woolum for rejecting him.

■ Woolum subsequently was examined by other doctors. He told one of those doctors that he had been turned down by Consolidated because of *arthritis*. He told another that he "went to another company and was examined and told that he had bad back trouble, arthritis and dust and that they couldn't work him." While he indicated he had been told that he had "dust," this information did not put him on notice that he had silicosis. Lowery v. Blue Diamond Coal Company, Ky., 354 S.W.2d 499.

Woolum's testimony on the hearing of his claim was that he did not learn "for sure" that he had silicosis until he was examined by a Dr. Jones around July 1, 1969, about six weeks before he gave notice of claim.

It is our opinion that the evidence was not such as to *require* the board to find that Woolum became aware at the time of the examination on November 1, 1968, that he had silicosis. We think the board reasonably could believe that Woolum, when he said that he learned at that time that he "was suffering from any kind of an occupational disease," knew only that he had arthritis, back trouble and "dust."

■ It is true that there was evidence that Woolum had been suffering from shortness of breath for a year or so, but shortness of breath alone does not amount as a matter of law to such a distinct manifestation of the disease as to apprise the workmen that he has the disease. Childers v. Hackney's Creek Coal Co., Ky., 337 S.W.2d 680.

■ It is our conclusion that the board did not err in finding that Woolum gave timely notice of claim. See similar holding in Inland Steel Company v. McCarey, 467 S.W.2d 137 (decided May 7, 1971).

■ The appellants make the further contention that the award to Woolum should have been reduced by the percentage of disability attributable to a back injury which he sustained in an accident on the last day he worked for Twin Peak, but for which he made no claim for compensation. The appellants argue that this was a *prior* injury within the meaning of KRS 342.120. The argument is without merit, because the board found that Woolum had silicosis in a totally disabling stage on a date *preceding* the date he sustained the back injury; thus, the back injury was a *subsequent* injury, not a *prior* one.

The judgment is affirmed.

MILLIKEN, C. J., and EDWARD P. HILL, Jr., NEIKIRK, OSBORNE, PALMORE and REED, JJ., concur.

STEINFELD, J., dissents.

STEINFELD, Judge (dissenting).

A physician who examined Woolum on August 6, 1969, testified that Woolum told him that for the past year he had been troubled with exertional dyspnea, and at that time he was unable to walk "more than one-quarter of a mile on the level or to climb more than ten steps without getting unduly short of breath." This physician diagnosed Woolum's trouble as being stage one pneumoconiosis. Another physician, who examined Woolum on November 26, 1969, stated that Woolum told him "He went to another company and was examined and told that he had bad back trouble, arthritis and dust, and that they couldn't work him; (that) he has been short of breath for somewhat more than a year * * *." This latter doctor found no pneumoconiosis or silicosis.

That evidence which was not contradicted, together with the testimony of Woolum

quoted in the majority opinion, showed that ten and one-half months before he gave notice to Twin Peak, this coal miner, after having spent seventeen years in the mines, had " * * * experience(d) a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he (had) contracted such disease * * *." KRS 342.316(2).

In my opinion the burden was on him to explain the delay in giving notice. Cf. T. W. Samuels Distillery Company v. Houck, 296 Ky. 323, 176 S.W.2d 890 (1943); Whittle v. General Mills, Ky., 252 S.W.2d 55 (1952), and Sexton v. Black Star Coal Corporation, Ky., 296 S.W.2d 450 (1956). He failed to do so.

We wrote in Inland Steel Company v. Byrd, Ky., 316 S.W.2d 215 (1958), "Notice must be given to the employer 'as soon as practicable'; this is the mandate of the statute * * *." Woolum did not comply. Therefore, I respectfully dissent.