**INLAND STEEL COMPANY and Special Fund, Appellants,**

**v.**

**Willie McCAREY and Workmen's Compensation Board, etc., et al., Appellees.**

Court of Appeals of Kentucky.

May 7, 1971.

Harry C. Campbell, Pikeville, Martin Glazer, Thomas R. Emerson, Department of Labor, Frankfort, for appellants.

Kelsey E. Friend, Pikeville, for appellees.

REED, Judge.

Willie McCarey was awarded workmen's compensation benefits for permanent and total disability caused by silicosis. The Special Fund was directed to pay the compensation benefits and McCarey's employer, Inland Steel Company, was directed to pay medical benefits. These decisions of the Workmen's Compensation Board were appealed to the circuit court by the Fund and Inland. The board's determination of McCarey's claim was upheld. The Fund and Inland ask us to reverse the circuit court's judgment. Our conclusion is that the board's findings had evidentiary support sufficient to preclude judicial interference with the result reached. We affirm the judgment.

McCarey worked as a coal miner for Inland for 27 years. He quit work for that company on November 30, 1964; he had noticed shortness of breath for 2 years or more before he quit. He testified that he was first told he had silicosis by Dr. W. C. Hambley on November 27, 1968. He filed his claim for benefits on December 4, 1968.

Dr. John Meyers, Jr., and Dr. Allen L. Cornish both examined McCarey at the instance of the employer. They made their examinations in 1969, and each of these physicians found evidence of the existence of silicosis in its earliest stages. Dr. Hambley, who was consulted by McCarey, stated that he found his patient to be suffering from second-stage silicosis in November of 1968. Dr. Hambley also testified it was "highly probable" that X-ray evidence of silicosis was present in 1964 when Mc-Carey quit his job because, according to him, he "was not able."

Appellants argue that there was no positive evidence of the existence of silicosis when McCarey quit his job in 1964. We conclude that Dr. Hambley's findings and opinion constituted substantial evidence which supported the board's finding that McCarey became disabled as the result of silicosis on November 30, 1964; McCarey's own testimony lends further support to that finding.

Appellants next urge that if McCarey was disabled from silicosis on the date he quit working for Inland, then his claim is barred by the limitations provisions of KRS 342.316(3). Appellants did not raise the limitations issue in the circuit court in their petition for review of the board's award. In any event, we do not find that their contention is meritorious.

McCarey, on cross-examination, said that he had shortness of breath for about two years before he quit his job. Shortness of breath is not as a matter of law such "distinct manifestation" as to reasonably apprise McCarey that he had contracted silicosis. Childers v. Hackney's Creek Coal Company, Ky., 337 S.W.2d 680 (1960). On direct examination, Mc-Carey stated that the first time he knew he had silicosis was when Dr. Hambley told him of the diagnosis in November, 1968; on cross-examination, he testified that he was afraid he had the disease in 1964, but he didn't know.

KRS 342.316(3) requires that the kind of claim asserted in this case must be filed " * * * within one year after the last injurious exposure to the occupational hazard or after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted the disease, whichever shall last occur; * * * " We conclude here as we did in the Childers case that the issue of whether McCarey had experienced distinct manifestations sufficient to

apprise him that he had contracted the disease was one of fact, and the state of the evidence justified the board's negative finding in this respect. Therefore, the claim was not barred by the limitations provisions of KRS 342.316(3). Cf. Inland Steel Co., et al v. Pennington, Ky., 465 S. W.2d 78 (decided March 26, 1971). See also Twin Peak Coal Co. v. Woolum, et al, Ky., 467 S.W.2d 134 (this day decided).

The final contention advanced by appellants is that the board should have denied benefits to McCarey because he applied for and is receiving pension benefits from the United Mine Workers pension fund on the basis of retirement from Inland's employment; he also applied for and is receiving Social Security benefits on the basis of his age after retirement. Appellants' contention has been recently considered and rejected. See Inland Steel Company v. Terry, Ky., 464 S.W.2d 284 (Rehearing denied March 26, 1971); Inland Steel Company v. Pennington, Ky., 465 S.W.2d 78 (decided March 26, 1971); Beth-Elkhorn Corporation v. Hillman, Ky., 465 S. W.2d 281 (decided March 26, 1971).

The judgment is affirmed.

All concur.