John W. YOUNG, Commissioner of Labor, Etc., Appellants,

v.

I. H. DAVIS et al., Appellees.

Court of Appeals of Kentucky.

Dec. 17, 1971.

Martin Glazer, Thomas R. Emerson, Department of Labor, Frankfort, for appellants.

Woodrow W. Burchett, Prestonsburg, E. R. Hays, Pikeville, for appellees.

REED, Judge.

This appeal involves the claim of I. H. Davis, a 66-year-old coal miner, for workmen's compensation benefits for total disability caused by the occupational disease of pneumoconiosis. The Workmen's Compensation Board found that Davis was entitled to benefits for total and permanent disability payable by the Special Fund. Liability for medical payments was assessed against his last employer, Mill Branch Coal Company. The Special Fund appealed the board's decision to the circuit court and the circuit court affirmed the award. The Fund thereupon appealed to this court and contends that the board should have dismissed Davis' claim because the evidence established that the requirements of KRS 342.316 applicable to the claim were absent and the claim was therefore noncompensable.

Davis testified that he had last worked in the coal mines in 1964 and 1965. He stated that he quit working because of an arm injury which he had sustained in an industrial accident. He also said that he did not return to work after his arm healed because he "was short of breath and could not do a day's work." His uncontradicted testimony was that he had not been able to work since he quit the mines. He had worked in the mines for 50 years and had experienced some shortness of breath prior to the time of the injury to his arm. Davis first learned that he had pneumoconiosis in September of 1968, when he was so advised by his physician whom he had consulted about other physical problems. He filed his claim for benefits soon thereafter.

■ As usual, the medical evidence concerning the existence and stage of advancement of pneumoconiosis was contradictory. For purposes of judicial review, however, there was substantial medical evidence that in 1969 and 1970, Davis suffered from Stage II Pneumoconiosis. Based upon Davis' testimony and upon some of the qualified medical evidence,

which it had a right to believe if it chose to do so, the board found that Davis was totally and permanently disabled from pneumoconiosis on or about January 1, 1965. It also found that he was exposed to the hazard of the disease in his employment within this state for at least two years immediately next before his disability.

The Special Fund argues that under our decision in Inland Steel Company v. Terry, Ky., 464 S.W.2d 284 (1971), there was no evidence on which a finding could be based that Davis was disabled from pneumoconiosis when he ceased work in early 1965. In Terry, however, we pointed out the distinguishing factual circumstances between the situation presented there and the situation that existed in Cutshin Coal Company v. Begley, Ky., 385 S.W.2d 59 (1964). In Cutshin the claimant testified that he had not been able to work since leaving his employment. In Terry, however, neither the claimant himself nor any other witness suggested that he was unable to work following his retirement from the mining industry. The uncontradicted testimony of Davis is that he was physically unable to work after he left the mines. Hence, his situation falls within the distinction noted in the Terry opinion.

■ The Fund injects an additional issue when it argues that KRS 342.316(2) requires that the employee give notice of claim to his employer "as soon as practicable after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted such disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur." In considering the limitations provisions of KRS 342.316(3), we held in Inland Steel Company v. McCarey, Ky., 467 S.W.2d 137 (1971), that shortness of breath was not as a matter of law such "distinct manifestation" as to reasonably apprise an employee that he had contracted silicosis. We held that the issue concerning whether the em-

ployee had experienced distinct manifestations sufficient to apprise him that he had contracted the disease was one of fact to be resolved by the board. In Twin Peak Coal Company v. Woolum, Ky., 467 S.W. 2d 134 (1971), we declared that shortness of breath alone does not amount as a matter of law to such distinct manifestation of pneumoconiosis as to apprise a workman that he has the disease and must give timely notice of claim to his employer under KRS 342.316(2).

The Fund urges that if shortness of breath alone is not as a matter of law a distinct manifestation of the disease, then it must follow that an employee's statement that he experienced a shortness of breath is insufficient to support a finding that he was suffering from pneumoconiosis at that time. We are unable to agree with that reasoning. The symptom, shortness of breath, may well be regarded as an insufficiently distinct manifestation as a matter of law to indicate to an uneducated coal miner who is not a diagnostician of lung disease that he is suffering from a particular statutorily defined respiratory affliction. To say, however, that the experience of the symptom, shortness of breath is' not relevant evidence on the issue of prior existence of subsequently diagnosed pneumoconiosis, a disease which develops gradually and over a long period of time, is quite another matter. Although we pointed out in Terry that for an employee to assert on the one hand that he was "disabled by reason of an occupational disease and at the same time profess not to have experienced symptoms to apprise him of it would stretch the bounds of credulity," nevertheless, under the liberal interpretation policy of our workmen's compensation statutes required by the legislature, it is not our credulity which is the test, it is rather the credulity of the board which must be satisfied. Moreover, this statement in Terry pertained to a subsequent discovery of Stage I silicosis, while here the board had evidence of the subsequent discovery of Stage II Pneumoconiosis.

Certainly, after half a century of working in the coal mines of Kentucky, Davis established the requisite injurious exposure. His testimony concerning the issue of timely notice and limitations was entitled to evaluation as to its credibility and weight by the board. Upon the total evidentiary picture, which the board had before it, we cannot say that its findings were unsupported by substantial evidence. When the circumstantial evidence is considered in conjunction with the direct evidence, the board had a right to choose to infer and then to believe what it found to be the facts. We will not substitute our evaluation of the evidence for that made by the board.

The judgment of the circuit court upholding the board's award is affirmed.

All concur.