**CAROL COAL COMPANY et al., Appellants,**

v.

**William H. HARRIS et al., Appellees.**

Court of Appeals of Kentucky.

March 3, 1972.

William A. Rice, Gayle G. Huff, Rice & Huff, Harlan, for appellants Carol Coal Co. and Old Republic Ins. Co.

Thomas A. Emerson, James F. Perkins, Department of Labor, Frankfort, for appellant John W. Young.

Robert C. Muncy, Denver Adams, Hyden, J. Keller Whitaker, Director, Workmen's Compensation Board, Frankfort, for appellees.

STEINFELD, Chief Justice.

From a judgment affirming an award to appellee William H. Harris for permanent and total disability under the Workmen's Compensation law,[1] the employer, its insurance carrier and the Special Fund appeal. We affirm.

After working in the coal mines for seventeen years Harris resigned as an employee of appellant Carol Coal Company on May 18, 1967, on account of sickness. He was then 37 years of age, had no education, and could neither read nor write. On January 25, 1969, an attorney, acting for Harris, notified Carol Coal Company that Harris was disabled from occupational disease. A claim for benefits under the Workmen's Compensation law was not filed until December 29, 1969.

Both the employer and the Special Fund contested, claiming that recovery should

---

1. The board did not specify the occupational disease with which Harris was afflicted. No issue is raised as to this omission.

not be allowed because Harris had failed to give timely notice as required by KRS 342.316(2) (a) and because the claim was barred by the limitations expressed in KRS 342.316(3).

The evidence showed that Harris had been medically examined and treated by his family physician, had been examined by another physician at the University of Kentucky Medical Center, and by a third doctor when he applied for Social Security benefits. These examinations had occurred over a period beginning shortly after he left his employment and ending when notice was sent to his former employer. All found severe breathing problems, however, the physicians were not all in agreement as to the cause. Some found chronic bronchitis, some pneumoconisis, while others did not. They did concur that Harris was afflicted by severe emphysema.

Harris testified that he did not learn that he had an occupational disease until his attorney told him in January 1969 and that the delay in notifying his employer was because he " * * * didn't know (he) had it." He stated that doctors had told him he had emphysema but that "They didn't say nothing about dust." While the board pointed out that the record indicated that Dr. Mary Weiss, his family physician, had treated Harris for silicosis not long after he left his job, it found " * * * but that doesn't necessarily mean that plaintiff had been informed by Dr. Weiss that he had silicosis." Dr. Weiss did not testify.

■ The circuit court correctly observed that from conflicting evidence the board had found in favor of Harris and that the court was powerless to disturb that finding. Oaks v. Beth-Elkhorn Corp., Ky., 438 S.W.2d 482 (1969).

■ Notice is not required until the employee " * * * first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has

contracted such disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur." KRS 342.316(2). Tunstall v. Blue Diamond Coal Co., Ky., 359 S.W.2d 614 (1962). Harris' knowledge that he had emphysema did not obligate him to notify the coal company. This affliction, like chronic bronchitis, is one to which the population is generally exposed. It is not an occupational disease. Cf. Fitch v. Princess Coals, Inc., Ky., 463 S.W.2d 941 (1971), and Young v. Dale, Ky., 446 S.W.2d 288 (1969). The board found that the notice was given "as soon as practicable." From the evidence before it the board could have held to the contrary, but that evidence was not so overwhelming that it was compelled to do so. Under these circumstances reversal on this contended basis would have been impermissible. Young v. Dale, supra.

■ We have held that " * * * shortness of breath alone does not amount as a matter of law to such a distinct manifestation of the disease (silicosis) as to apprise the workmen (sic) that he has the disease." Twin Peak Coal Co. v. Woolum, Ky., 467 S.W.2d 134 (1971); Inland Steel Co. v. McCarey, Ky., 467 S.W.2d 137 (1971). The question of whether Harris experienced manifestations sufficient to apprise him that he was suffering from an occupational disease was one of fact rather than law. Childers v. Hackney's Creek Coal Co., Ky., 337 S.W.2d 680 (1960). The board resolved that issue in favor of the claimant. We may not disturb that finding. Wells v. Kentucky Appalachian Industries, Inc., Ky., 467 S.W.2d 365 (1971).

KRS 342.316(3) provides in part:

"The right to compensation under this chapter for disability resulting from an occupational disease shall be forever barred unless a claim is filed with the Workmen's Compensation Board within one year after the last injurious exposure to the occupational hazard or after the employe first experiences a distinct

manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted the disease, whichever shall last occur; * * *."

The claim was filed within the time allowed by that statute.

The judgment is affirmed.

All concur.