John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,

v.

Robert WEST, Jr., et al., Appellees.

Court of Appeals of Kentucky.

March 17, 1972.

728

---

Gemma M. Harding, Louisville, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellant.

Charles W. Berger, Harlan, J. Keller Whitaker, Workmen's Compensation Bd., Frankfort, for appellees.

VANCE, Commissioner.

This is an appeal from a judgment affirming an award of the Workmen's Com-

pensation Board for permanent, total disability by reason of an occupational disease, the entire award to be paid by the Special Fund pursuant to KRS 342.316(13).

The appellee, Robert West, Jr., a coal miner in Eastern Kentucky, quit work in 1965 after many years of continuous work as a miner. At the time he quit work he complained that his breathing was short and he was "hurting all over." He was treated for paralysis and aside from his own testimony concerning shortness of breath, there is no evidence whatever that he suffered from silicosis at that time.

In 1970 he learned for the first time that he had grade-one silicosis and he then filed a claim for compensation benefits. Attached to his claim were two medical reports dated in 1970, one of which showed a diagnosis of silicosis grade one and the other diagnosed uncomplicated, simple, coal workers' pneumoconiosis. These two medical reports constitute the entire medical evidence.

The board made a finding of fact that appellee became disabled on or about September 1, 1965, as a result of the occupational disease of silicosis. The appellant argues and we agree that there is no substantial evidence in the record to support that finding.

■ Without question the appellee suffered from grade-one silicosis in 1970. It is known that silicosis is a disease which develops slowly and grade one is the earliest recognizable stage of the disease. Mere diagnosis of the disease in 1970 is not sufficient proof that appellee was afflicted with it in 1965. Inland Steel Company v. Terry, Ky., 464 S.W.2d 284 (1971). No attempt was made by appellee to relate the onset of the silicosis back to the time when he quit work. In fact, the appellee in his brief practically conceded otherwise when he stated:

"The appellee is a sixty-year old claimant who has worked in the underground

coal mines for forty years; he was physically disabled on the last day that he worked, *but all evidence indicated that such disability was non-work connected*; that *at the time of the hearing* he testified he was disabled because of his shortness of breath and could not perform the work he has previously performed in the mines." (Emphasis supplied)

The appellee's claim runs headlong into KRS 342.316(4) which provides:

"In claims for compensation due to the occupational disease of silicosis or any other compensable pneumcconiosis it must be shown that the employe was exposed to the hazards of the disease in his employment within this state for at least two years immediately next before his disability or death."

Having failed to establish by any substantial evidence the date of the commencement of his disability from silicosis, it follows that appellee has failed to show an exposure to the hazards of the disease for two years immediately next before his disability. The facts of this case are strikingly similar to those encountered in Inland Steel Company v. Terry, supra, and we think that case is controlling.

The appellee relies upon KRS 342.316(6) as amended by the General Assembly in 1970. KRS 342.316(6) provides:

"In case of disability or death from silicosis, coal workers' pneumoconiosis, or any other compensable pneumoconiosis, complicated with tuberculosis of the lungs, pulmonary emphysema or other pulmonary dysfunction * * * there is a rebuttable legal presumption that all resultant disability therefrom is work related and compensable, * * *."

█ Appellee contends that he is entitled to a rebuttable presumption that his silicosis is work related and compensable by the terms of this statute. There is considerable question as to whether the statute is applicable in the absence of a showing that his silicosis was complicated with tuberculosis, pulmonary emphysema or other pulmonary dysfunction. We need not decide that question however since the presumption given by the statute as to *work connection* goes to causation and has no reference to the time when disability begins.

The judgment is reversed with directions that a new judgment be entered dismissing the claim.

PALMORE, OSBORNE, REED, NEIKIRK, EDWARD P. HILL and MILLIKEN, JJ., concur.