**John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund et al., Appellants,**

v.

**Oscar BEGLEY and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Sept. 22, 1972.

Gemma M. Harding, Louisville, for appellant John W. Young, Com'r etc.

William A. Rice, Harlan, for appellant Shackleford Coal Co.

Karl S. Forester, Goss & Forester, Harlan, for appellee Oscar Begley.

STEINFELD, Chief Justice.

On a claim lodged by appellee Oscar Begley for permanent and total disability, the Workmen's Compensation Board found that Begley had pneumoconiosis and that appellant Shackleford Coal Company should pay medical expenses and the Special Fund should pay benefits of $44 per week for 425 weeks, with interest on all sums past due. The circuit court affirmed on appeal, from which judgment the Special Fund and the employer appeal. We affirm

For 29 years Begley worked in Kentucky as an underground coal miner. He was employed by Shackleford from October 23, 1964, to October 13, 1966. His only employment after that time was an unsuccessful effort for three months to work in a factory.

About June 2, 1966, Begley sustained a leg injury, but he continued to work until July when " * * * they sent me (Begley) to the hospital to be operated on and I started drawing compensation then and I drawed it up until I would say September, sometime." Thereafter, he returned to Shackleford for a short time. Begley was asked if he knew how much money he drew, to which he responded:

"I don't know right off-hand, they paid me forty-four dollars a week, I believe it was, then after that, see, this leg never got no better and they sent me to Knoxville, they cut the compensation off

in September, they sent me to Knoxville in July in '67 to be operated on again and on the 8th day of June, I started drawing compensation again and my leg was operated on again in Knoxville on July 4."

Appellants contend that our holdings in Inland Steel Co. v. Terry, Ky., 464 S.W.2d 284 (1971), and Young v. West, Ky., 478 S.W.2d 727 (1972), control, preventing Begley from recovering because he failed to make the showing required by KRS 342.316(4). That statute provides:

"In claims for compensation due to the occupational disease of silicosis or any other compensible pneumoconiosis it must be shown that the employee was exposed to the hazards of the disease in his employment within this state for at least two (2) years immediately next before his disability or death."

Begley filed his application on March 20, 1970, alleging that he became disabled from pneumoconiosis in October 1966, when he last worked for Shackleford. The first information received by the employer that Begley claimed he was so afflicted was a letter sent on March 20, 1970, by Begley's attorney.

The claimant testified that he left the mines because of shortness of breath. One physician stated that a chest x-ray taken on Ausut 24, 1967, showed that Begley had pneumoconiosis at that time. Another doctor who examined Begley on April 2, 1970, found that he was then suffering from Grade II silicosis, a progressive disease. He testified as follows:

"Q42 Doctor, is there any known treatment for silicosis?

A No, there is none.

Q43 Dr. Jones, assuming that you had examined Mr. Begley back in October, 1966, the day that he last worked as an underground coal miner, in your opinion would you have made a diagnosis of coal

workers' pneumoconiosis or silicosis at that time?

A    Yes, I would have to assume that this man had definite evidence of chest x-ray findings of the disease at that time which would probably be no different than the findings at the time I examined him in April, 1970, even though we know that this is a progressive type disease and this man could have progressed to some extent over this period of a few years, it is doubtful that the progression would be noticeable from x-ray findings and from past experience in following many coal miners with this disease I would not hesitate to state that I would consider his present findings no different from what they were at the time he terminated his work in the coal mines as far as x-ray findings are concerned and I would have considered him as a total disability for further work in a dust environment."

A physician who examined Begley on October 5, 1970, stated that on that date Begley had indications of "early coal worker's pneumoconiosis but rather borderline." Another doctor who also saw him on that date diagnosed his condition "Coal worker's pneumoconiosis, simple, Stage I-II."

Begley admitted that he started drawing disability benefits under the Social Security Act during 1967, but that this was predicated on arthritis in his back and the injury to his leg.

We distinguish this case from Inland Steel Co. v. Terry, supra, and Young v. West, supra, in that here there was evidence that Begley was afflicted with Stage II silicosis and testimony that an examination made about nine months after leaving his employment disclosed the presence of pneumoconiosis, together with the physician's statement that related his 1970 findings as existing back to the employment-separation date. Beth-Elkhorn Corp. v. Terry, Ky., 452 S.W.2d 417 (1970).

■ The opinion and award of the Workmen's Compensation Board concluded that Oscar Begley became totally and permanently disabled on October 13, 1966, as a result of the compensable occupational disease of silicosis and/or pneumoconiosis. It is our opinion that there was substantial evidence to support that conclusion.

■ Appellants claim error in not allowing credit for the compensation payments made during the overlapping period of time covered by the leg injury. They failed to introduce any evidence to show what had been paid, therefore, the rule announced in Young v. Breeding, Ky., 465 S.W.2d 269 (1971), applies.

The issues raised in Young v. Hall, Ky., 485 S.W.2d 529, decided September 22, 1972, were not presented here.

The judgment is affirmed.

All concur.