James R. YOCOM, Commissioner of Labor of
Commonwealth of Kentucky, etc.,
Appellant,

v.

Robert MESSER et al., Appellees.

SHAMROCK COAL COMPANY, Appellant,

v.

Robert MESSER et al., Appellees.

Court of Appeals of Kentucky.

Nov. 17, 1972.

Gemma M. Harding, Dept. of Labor, Louisville (Atty. for James R. Yocom), Neville Smith, Manchester (Atty. for Shamrock Coal Co.), for appellants.

Eugene H. Clark, Manchester, for appellees.

PALMORE, Justice.

Shamrock Coal Company and the Special Fund appeal from a judgment reversing an order of the Workmen's Compensation Board and directing that the claimant, Robert Messer, be awarded maximum benefits by reason of silicosis or pneumoconiosis. The basis on which the board had denied the claim is reflected in the following excerpt from its final order:

"The plaintiff, Robert Messer, last worked in the mines in April, 1966. He testified that he quit because of breathing difficulties. He immediately secured employment as a community organizer for Applachian Volunteers at a salary of $400 a month. In the mines, he made $75 to $80 per week. He testified that he did not know that he had the occupational disease until it was diagnosed by Dr. Thomas H. Biggs on June 23, 1970. Dr. Biggs, the medical director of the London Tuberculosis Hospital, testified

and had before him plaintiff's medical record which had been kept in the course of business by the hospital. This record revealed that on May 15, 1967, Dr. H. H. Cherry examined plaintiff as an out patient and diagnosed the disease. Plaintiff received treatment therefor from doctors connected with the hospital at regular intervals during 1967, 1968 and 1969. Dr. Biggs testified that Dr. Cherry was still with the hospital, but plaintiff made no attempt to take his proof.

"This Board cannot believe that a man of plaintiff's intelligence would have quit the mines because of a chest condition for which he received treatment for more than two years and would not have learned what this condition was. Since the claim was not filed until June 3 [sic], 1970, it was not filed within one year after the last injurious exposure or within one year after plaintiff first experienced symptoms of the occupational disease in a form reasonably sufficient to apprise him that he had contacted the disease."

As thus indicated, after some 20 years' experience in the mines the claimant quit in April of 1966 because of breathing difficulties. He says he was never advised that he had silicosis until June 23, 1970. He filed his claim on July 31, 1970. He has had no exposure since 1966, so if he does have silicosis there can be little doubt that he incurred it from his work in the mines. (For the record, though it is not necessary to our decision in the case, medical experts who examined him in December of 1970 in behalf of the employer testified that they could find no evidence of pneumoconiosis or other occupational lung disease.)

In Inland Steel Co. v. Pennington, Ky., 465 S.W.2d 78, 79 (1971), the claimant had retired in 1964 and filed his claim in 1968 shortly after being advised that he had silicosis. As in this case, he testified that he was disabled when he quit work. In sustaining an award we expressed doubt that the claim could have survived "a review directed to the question of whether it was presented within one year after Pennington first experienced symptoms reasonably sufficient to apprise him that he had contracted the disease, cf. KRS 342.316 (3)."

Accepting as true Messer's testimony that he was no longer able to do his customary work in April of 1966, it is indeed remarkable that he did not see fit to seek medical advice and treatment within a reasonable time thereafter. It is equally remarkable that no one during the course of this proceeding asked or suggested that he explain that dubious circumstance. He saw plenty of doctors in 1970, but even the fact that he had undergone a series of examinations and treatments beginning in May of 1967 was elicited not from his testimony but from the cross-examination of Dr. Biggs, who had custody of the records showing field examinations made by staff members of the TB hospital on various occasions between May 15, 1967, and June of 1970. Counsel for the claimant objects to the consideration of the records on the ground that their contents are hearsay, but it seems to us that they tend to help more than hurt his case. Without them the board probably would have been obliged to conclude that if Messer's condition was not bad enough to get him to a doctor before 1970 it could not have been truly "disabling" in April of 1966.

These field reports reflect early signs of the fibrotic nodulation that is usually considered as an indication of silicosis. However, neither they nor anything else in the evidence except for the claimant's own testimony would lend support to a finding that in April of 1966 the disease had reached disabling or even diagnosable proportions. See Inland Steel Co. v. Terry, Ky., 464 S.W.2d 284 (1971). If it had not become disabling when he quit work his claim is defeated by KRS 342.316(4), which requires exposure for two years next before the disability. *Ibid.* His delay for more than a year in seeking medical assistance

suggests that it was not in fact disabling. Assuming however that it was, then certainly it was not unreasonable for the board to conclude that the symptoms must have been reasonably sufficient to apprise him that he had contacted the disease more than a year before his claim was filed.

Since the action of the board must be sustained on the merits it is unnecessary to consider the claimant's failure to have a summons served on the employer in the circuit court  See, however, KRS 342.285 (2).

The judgment is reversed with directions that the final order of the Workmen's Compensation Board be affirmed.

All concur.