Fannie **BALDWIN, Individually and as a dependent widow of an Administratrix of the Estate of Bayless Baldwin, Appellant,**

v.

**GUM BRANCH COAL COMPANY, INC., et al., Appellees.**

Court of Appeals of Kentucky.

May 4, 1973.

Perry & Greene, Paintsville, for appellant.

Robert D. Hawkins, Chief Counsel for the Special Fund, Dept. of Labor, Murvel Eugene Combs, Atty. for the Special Fund, Dept. of Labor, Frankfort, for appellees.

Fred G. Francis, Prestonsburg, for Gum Branch Coal Co., Inc.

CULLEN, Commissioner.

In August 1966, when he was age 60, Bayless Baldwin quit work as a coal miner, in which work he had been engaged for 20 years. There was evidence that at that time he was "so short-breathed he couldn't load coal or couldn't work," and that he had been told by a doctor that "he had something wrong with his lungs." However, Baldwin did not file a claim for workmen's compensation. He remained idle for the next four years and then, in October 1970, he died. X-rays taken a few months before his death disclosed, according to the testimony of some doctors, that at that time he had pneumoconiosis, Stage 2. The death certificate stated that pneumoconiosis was a causative factor of the death.

Baldwin's widow filed an application for workmen's compensation death benefits. The Workmen's Compensation Board rejected the claim, holding that under KRS 342.316(4) it was necessary, to sustain the claim, that Baldwin have been exposed to the hazards of pneumoconiosis in his employment for at least two years immediately next before *his death*. On appeal by the widow to the circuit court, judgment was entered affirming the board's order. The widow is appealing here from that judgment.

The pertinent language of KRS 342.-316(4) as it existed in 1970 was:

"* * * it must be shown that the employe was exposed to the hazards of the disease in his employment within this state for at least two years immediately next before his *disability or death*." (our emphasis)

The cases that heretofore have reached this court, involving the interpretation of this statute, have not presented a *death* situation.

■ We think it is clear that where death is not preceded by disability (as could happen under the interpretation of "disability" made in Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167, and the line of cases following it), the two years of exposure must immediately precede the death. Cf. Inland Steel Company v. Terry, Ky., 464 S.W.2d 284. The question presented in the instant case, however, is whether that requirement applies in the situation where death *is* preceded by disability.

■ It seems to us that the statute reasonably is intended to require that there be two years of exposure immediately next before the creation of a condition that *would be the basis for a claim* for workmen's compensation. Thus, if a workman became disabled, so that he *could* make a claim for compensation for disability, and he had the required exposure immediately next before he became disabled, the requirement of KRS 342.316(4) would be complied with, and the mere fact that the workman did not make a claim for disability compensation would not cancel the compliance so as to bar his widow's claim for death benefits.

■ Under this interpretation of the statute, if a death claim is presented, and there was not two years of exposure immediately next before the *death,* the claimant will not be able to prevail except on proof that *disability* preceded the death, and the required exposure preceded the disability. Thus, the *proof* requirements will be the same in the case of death as in the case of disability. We can conceive of no purpose the statute could have that would impose a greater requirement for death claims. Actually, if the statute were construed as requiring two years exposure immediately next before death in every case, there never could be a recovery for death where death was preceded by disability. We cannot believe that the legislature so intended.

■ The board in the instant case did not make a finding as to whether Baldwin was disabled when he quit work in August 1966 (admittedly, he had the required exposure immediately preceding that date). The evidence probably would warrant a finding that he was then disabled. Cf. Young v. Davis, Ky., 474 S.W.2d 357. However, the issue was not fully developed in view of the board's ruling that the question of Baldwin's disability in 1966 was irrelevant, so we think it would be desirable that the board allow further proof on that issue (as the claimant requested on a motion to reopen made after the taking of proof was completed). If there is an issue as to notice of claim, that also should be determined.

If the board, on remand of the case, finds that Baldwin was disabled from pneumoconiosis when he quit work in 1966, KRS 342.316(4) will not be a bar to granting the claim for death benefits.

The judgment is reversed with directions to enter judgment remanding the case to the Workmen's Compensation Board for further proceedings in conformity with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.