**v.**

**Lance KOHLER, Respondent.**

Court of Appeals of Kentucky.

June 29, 1973.

**James R. YOCOM, Appellant,**

**v.**

**Elmer LOUGHRIN et al., Appellees.**

Court of Appeals of Kentucky.

June 29, 1973.

———◆———

Robert D. Hawkins, Dept. of Labor, Frankfort, Gemma M. Harding, Dept. of Labor, Brown Education Center, Louisville, for appellant.

Harold Garland Wells, J. W. Craft, Jr., Hazard, John N. Cornett, Whitesburg, for appellees.

CATINNA, Commissioner.

This is an appeal from a judgment of the Perry Circuit Court reversing an order of the Workmen's Compensation Board denying Elmer Loughrin disability benefits resulting from the occupational disease of silicosis.

Loughrin worked as a coal miner for more than twenty-five years. He last worked for the Dale Coal Company where he was employed for the period of March 14, 1966, to August 20, 1966. Prior to this employment he had worked for the Holbrook Mining Company for a period commencing sometime in the year of 1962 until June or July of 1965. On August 20, 1966, he was laid off by the Dale Coal Company which a short time thereafter closed down. After a short period of unemployment, Loughrin worked as a night watchman for Odom Construction Company during 1967, 1968, and 1969. This company completed its work in his area and after 1969 he became unemployed. In 1971 he began drawing Social Security benefits.

In February of 1971 he was examined by two doctors who informed him that he was at that time afflicted with the occupational disease of silicosis. He testified that this was the first time he had any knowledge of this fact. He did say, however, he had experienced a shortness of breath for some three years before he was laid off. In his testimony he also admitted that in July of 1970 he filed an application for black-lung benefits under the federal law and was X-rayed; however, he was not informed of the results of the X rays nor did he receive benefits.

Five doctors examined Loughrin and testified. One of them stated that he could find no evidence of pneumoconiosis. The other four doctors stated that at the time they examined him, after July 1971, he was afflicted with either silicosis or pneumoconiosis. Although the doctors testified that the existence of this disease required an exposure of some five to ten years, there was no testimony that Loughrin was afflicted with the disease on August 20, 1966, the last day he worked in the coal mines. The medical testimony was to the effect that presently he was disabled from doing hard manual labor or working in a dusty environment. None of the testimony sought to relate this disability to August 20, 1966.

There is absolutely no evidence in the record which tends to fix the date when Loughrin became disabled. Having failed to establish by any substantial evidence the date of the commencement of his disability from silicosis, it follows that Loughrin failed to show an exposure to the hazards of the disease two years immediately next before his disability. KRS 342.316(4); Young v. West, Ky., 478 S.W.2d 727 (1972); Young v. Jones, Ky., 481 S.W.2d 268 (1972).

The judgment is reversed with directions that the circuit court enter a new judgment affirming the order of the Board.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD, and STEPHENSON, JJ., sitting.

All concur.